Tatxoe., Judge,
 

 delivered the opinion of the Court:
 

 The contract between the parties is stated at length in the special case, and appears to be both formally and substantially a bill of sale in all respects, except as to the want of a seal. This, omission, however, is so important in the legal estimation of the paper, that it cannot be classed amongst specialties, but must remain a simple contract, on which no additional validity can be conferred by the subsequent registration. For 1 do not apprehend that any legal effect can be given to a paper by recording it, if that ceremony were not required by law.
 

 It might not, however, be an useless enquiry to consider, whether a paper containing nearly all the component parts of a specialty or deed, does not advance some greater claims to be respected in the scale of evidence, than such proofs of a contract as rest upon the memory of witnesses.
 

 The solemnity of sealed instruments has been, from the earliest periods of the Law, highly regarded ; because the forms and ceremonies which accompany them, bespeak deliberation in the parties, and afford a safe
 
 *428
 
 ground for Courts and Juries to ascertain and settle contested rights. This deliberation is inferred, not from any one circumstance attending the transaction, but as the general effect of the whole. Thus in
 
 Plowd.
 
 308,
 
 B. “
 
 It is said that deeds are received as a
 
 lien final
 
 to the party making them, although he received no consideration, in respect of the deliberate mode in which they are supposed to he made and executed ; for, first, tiie deed is prepared and drawn; then, the seal is affixed ; and lastly, the contracting party delivers it, which is the con-spmination of iiis resolution.” Hence it appears, that the law gives to deeds a respect and importance which it denies to any other contracts ; not an empty and unmeaning respect, but such as properly arises from the existence of all those circumstances which are calculated to fix and make authentic the contracts of men.
 

 A contract cannot he a deed, if either it is not prepared and
 
 drawn;
 
 if the seal be not affixed, or if it be not delivered ; but still if tiie deliberation is inferred from all these circumstances, it is fair reasoning to presume some degree of deliberation from any one or two of them, and to give to the. papey, when it is introduced as evidence of tiie parties’ transaction, precisely such credence as belongs to it, from its partaking more or less of the nature of a deed.
 

 To give this rule a practical application to the case before us, tiie conclusion would be, tiiat as the paper is without a seal, it cannot be a deed, and is therefore not decisive evidence as that instrument is ; it is not a
 
 final lien ;
 
 but as it possesses some of the essentials of a deed, viz. a formal draught and delivery, so far it shall be regarded as evidence of no slight nature of the fact it is introduced to establish.
 

 The writers on tiie Law of Evidence have accordingly, in arranging the degrees of proof, placed written evidence of every kind higher in tiie scale of probability than unwritten ,• and notwithstanding the splendid elo
 
 *429
 
 quence of Cicero, to the contrary, in his declamation for the poet Arrhias, the sages of our Law have said that the ■fallibility of human memory weakens the effect of that testimony which the most upright mind, awfully impressed with the solemnity of an oath, may be disposed to give. Time wears away the distinct image and clear iniprcsmi n r-f ü¡e fact, and leaves in the mind, uncertain opinions, ;rfert notions and vague surmises.
 

 It is, however, contended by the Plaintiffs, that contracts by our law are distinguished by specialty and by
 
 parol;
 
 that there is no third kind, and that whatever is nof a specialty, though it be in writing, is by parol. To establish this position, a case is cited from
 
 7 Term Rep.
 
 350, by which it is certainly proved. But the position being established, whether it will authorise the inference that parol evidence is admissible to vary and extend written evidence, will best appear from an examination of the case, and from some attention to the question which called for the solution of the Court.
 

 In the case cited, the declaration states, that the Defendant, being indebted as administratrix, promised to pay when requested, and the judgment is against her generally. From this statement it is manifest, that the promise could not be. extended beyond the consideration which was in another right as administratrix, and made to bind the Defendant personally. But in order to avoid this objection, it was contended, that the promise being reduced to writing, the necessity of a,consideration was dispensed with ; and that the fact of its having been made in writing, might well be presumed after verdict, if necessary to support the verdict, which Liter position was conceded by the Court. ’
 

 It is, then, perfectly evident, that the only question iu the case was, whether
 
 midum pactum
 
 could' be alleged against a contract in writing, but without seal ? That it could not, had been a notion entertained by several eminent men, and amongst the rest by the learned com
 
 *430
 
 mentator, who observes, that
 
 “
 
 every bond, from the solemnity of the instrument, and every note, from thesub-scription of the drawer, carries with it interna! evidence 0f a g00d consideration.” This, doctrine, however, is inaccurate as applied to notes, when a suit is brought by the payee, and is only correct as between the indorsee and drawer. To demonstrate the propriety of the objection, it became necessary for the Court, in
 
 Ram
 
 v.
 
 Hughes,
 
 to enter into a definition and classification of contracts, into those by specialty and those, by parol; to which latter division every contract belongs that is not sealed, though it may be written. Every written unsealed contract is, therefore, in the strict language of legal precision, a parol contract, and like all others, must be supported by a consideration.
 

 But let it be considered, what the Court would have said, if the case, instead of requiring them to give a precise and comprehensive definition of contracts, had called upon them for a description of the evidence by whicl} contracts may be supported. They would, 1 apprehend, have said, (because the law says so,) the evidence which may be adduced in proof of a contract is threefold : 1st. Matter of record : 2d. Specialty : 3d. Unsealed written evidence, or oral testimony. It is therefore necessary to distinguish between a contract, and the evidence of a contract, for though they may be, and are, in many cases, identified ; yet in legal language, a parol contract may be proved by written evidence. This is the case now before us, and this brings me to the question it presents, which I understand to be, Whether oral evidence is proper to extend and enlarge a contract which the parties have committed to writing? The first reflection that'occurs to the mind upon the statement of the question, independent of any technical rules, is, that the parties, by making a written memorial of their transaction, have implicitly agreed, that in the event of any future misunderstanding, that writing shall be referred to, as
 
 *431
 
 the proof of their act and intention : that such obligations as arose from the paper, by just construction or legal intendment, should be valid and compulsory on
 
 them;
 
 but that they would not subject themselves to any stipulations beyond their contract; because, if they meant to be bound by any such, they might have added them to the writing; and thus have given them a clearness, a force, and a direction, which they could not have by being trusted to the memory of a witness. For this end, the paper is signed, is witnessed, and is mistakenly recorded. But the Plaintiff says, besides the warranty of title contained in the writing, the Defendant made me another warranty as to the quality, which 1 can prove by a witness present at the time ; and though he has complied with the warranty which was committed to writing, yet he has broken the one which was orally made, whence 1 am injured and seek compensation.
 

 We are then to decide, Whether the law deems such proof admissible?
 

 By the Common Law of England, there were but few contracts necessary to be made in writing. Property lying in grant, as rights and future interests, and that sort of real property, to which the term incorporeal here-ditament applies, must have been'’authenticated by deed. So the. law remained until the stat. 32 II. 8, which, permitting a partial disposition of land by will, required the will to be in writing; but estates in land might still be conveyed by a symbolical delivery in presence of the neighbors, without any written instrument j though it was thought prudent to add security to the transaction by the charter of feoffment. The statute of 29 Car. 2, commonly called the statute of frauds, has made writing and signing essential in a great variety of cases wherein they were not so before, and has certainly increased the necessity of caution in the English Courts, with respect to the admission of verbal testimony, to add to or alter written instruments, in cases coming within the provi-
 
 *432
 
 fiions of that statute. That law being posterior to the date- of the charter under which this State was settled, has never had operation here ; so that the Common Law remained unaltered until the year 1715, when a partial enactment was made cf the provisions of the English statute.
 

 The law must therefore be sought for in cases arising before the statute, of frauds, and expositions upon that statute are no otherwise authoritative than as they affirm or recognize the ancient law. Rut I believe there can be no doubt that tiie rule is as ancient as any in the law of evidence, and that it existed before the necessity of reducing any act into writing was introduced.
 

 In
 
 Plowden,
 
 345, Lord Dyer remarks, “ men’s deeds and wills, by which they settle their estates, are the laws which private men are allowed to make, and they are not to be altered even by the King, in Ids Courts of Law or conscience.”
 

 In Rutland's case, 5
 
 Coke,
 
 the Court resolved that it was very inconvenient that matters in writing should be controlled by averment of parties, to be proved by uncertain testimony of slippery memory, and should be perilous to purchasers, farmers, vtc.
 

 The cáse of Meres & al.
 
 v.
 
 Ansel and others, in 3
 
 Wilson, 275,
 
 is directly in point upon the general principle, to shew that parol evidence shall not be admitted to contradict, disannul or substantially vary a written agreement.
 

 In 2 Atkins, 384, Lord Hardwicke says, “ it is not only contrary to the statute but to Common Law, to add any thing to a written agreement by parol evidence.”
 

 AH written contracts, says Justice Ashurst, whether %
 
 deed or not,
 
 are intended to be standing evidence against the parties entering into them — 4
 
 Term Rep.
 
 331.
 

 1st Ves.jr. 241, parol evidence to prove an agreement made upon the purchase of an annuity that it was redeemable, was rejected.
 

 
 *433
 
 In a very recent case, in
 
 7 Ves.
 
 211, we are furnished With the opinion of the present Master of the Rolls, Sir William Grant, than whom no Judge ever ranked higher in the estimation of his contemporaries, for profound and accurate knowledge in legal science, and a proper and discriminating application of well grounded principles to the cases which arise in judgment before him. His observations are, “ By the rule of Law, independent of the statute, parol evidence cannot be received to contradict a written agreement. To admit it for the purpose of proving that the written instrument does not contain the real agreement, would be the same as receiving it for every purpose. It was for the purpose of shutting out that enquiry that the rule was adopted. Though the written instrument does not contain 4he terms, it must in contemplation of law, be taken to contain the' agreement, as furnishing better evidence than any parol can supply.”
 

 To these authorities, I will add a decision of the Circuit Court of Pennsylvania, because it appears to be in principle the very case under consideration.
 

 An action on the case was brought by the assignee of a bond against the assignor, upon a written assignment in general terms. The Plaintiffs offered oral evidence to shew that the Defendant had expressly guaranteed the payment of the bond. “ Chase, Justice — You may explain, but you cannot alter a written contract by parol testimony. A case of explanation implies uncertainty, ambiguity and doubt upon the face of the instrument.
 

 But the proposition now is a plain case of alteration : that is, an offer to prove by witnesses, that the assignor promised something beyond the plain words and meaning of his written contract. Such evidence is inadmissible- and has been so adjudged in the Supreme Court, in Clark
 
 v.
 
 Russell, 3
 
 Dal.
 
 415. I grant that Chancery will not confine itself to the strict rule, in cases of fraud, and of trust: hut we are sitting as Judges at Common Paw. and I can perceive, no reason to depart from it.”
 

 
 *434
 
 I suppose the above authorities are amply sufficient to establish the proposition for which they are cited, and therefore I forbear to make any other references for that purpose. The exceptions to the general rule may be comprised under the heads of fraud, surprise, mistake, in cases of resulting trust, to rebut an equity, or to explain latent ambiguities
 
 •,
 
 and there may also be some other cases which cannot be properly ranged under the titles specified. But as the case stated is, in my opinion, directly opposed by the general rule, so far as it seeks to establish the proof of warranty as to quality, by parol, and presents no fact to bring it within any of the exceptions, it would be needless to multiply authorities with respect to them.
 

 As to the exception on the ground of fraud, Í conceive that only occurs, where something intended to have been inserted in the contract, is omitted through the misrepresentation or unfair practice of one of the parties. In sucji case, the omission may he supplied
 
 by parol
 
 evidence. But there is no allegation here that the additional warranty was intended or understood by either party to have been inserted in the agreement.
 

 It is also necessary to attend to the nature of the remedy adopted by the Plaintiffs in this case, which is founded on the warranty, and is in assumpsit. The questions arising upon the general issue are, whether the warranty was made, and whether it was true at the time of making. For if the warranty were made, and not complied wfith, it is wholly immaterial whether the defect was known to the seller or not, a principle that seems to extend to every case where the Plaintiff" proceeds on the warranty. But in an action of deceit, the
 
 scienter
 
 or fraud is a material part of the declaration, and must be brought home to the Defendant to authorise a recovery against him, and in such case it seems from the authorities, that proofs of the fraudulent conduct of the Defendant may be drawn from sources
 
 dehors
 
 the written contract. It cannot be contended, that inserting
 
 *435
 
 the
 
 scienter
 
 in a declaration on the warranty, will convert it into an action of deceit founded on
 
 tort.
 
 In the latter action, the knowledge of the Defendant, or something equivalent to it by which the fraud is charged, is a substantive allegation, and must he proved
 
 •,
 
 in the former, it is merely surplusage, and may be rejected.