J. H. ROBERTS v. THE P. A. DEMING WOODWORKING COMPANY.

*Corporation— Contract in Writing— Code— Quantum Meruit—
Pleading—Amendment—Measure of Damages—Evidence.*

1. The plaintiff sued a corporation for work and labor done; the contract
   was not "in writing under seal of the corporation or signed by
   some officer of the company duly authorized," as required by sec-
   tion 683 of *The Code: Held*, the plaintiff was entitled to recover
   for the work already done, but could not force the defendant to
   continue the contract as to the unexecuted part.

2. The complaint being broad enough to set out an action on the *quan-
   tum meruit*, the plaintiff will not be confined to the express con-
   tract, and if not broad enough, the Court might have allowed
   amendment after verdict making it so.

3. The contract price, while not conclusive, is some evidence by which
   the value of plaintiff's services may be measured.

This was a CIVIL ACTION, tried at the August Term, 1892, of
BUNCOMBE Superior Court, before *Bynum, J.,* for the value of
work and labor done for the defendant corporation.

The defendant denied the debt, and resisted payment upon
the further ground that the contract was not in writing under
seal of the corporation, nor signed by any authorized officer
thereof, and therefore void under section 683 of *The Code.*
When the plaintiff rested his case, the Court intimated he could
not recover on his own showing, the contract being above
$100, was not according to the formalities prescribed by *The
Code,* § 683. Whereupon the plaintiff submitted to a nonsuit
and appealed.

*Mr. H. B. Carter,* for plaintiff.
*Mr. T. H. Cobb,* for defendant.

CLARK, J.: The Court ruled that the plaintiff could not
recover in any aspect of the evidence, because the contract of

ROBERTS v. WOODWORKING CO.

the defendant company was not "in writing and under the seal of the corporation, or signed by some officer of the company duly authorized," as required by *The Code*, § 683. That section and its purport was construed in *Curtis* v. *Piedmont Company*, 109 N. C., 401. It is there held that it applies to executory contracts and protects corporations from enforcement of such unless evidenced in the manner prescribed by the statute. But the Court adds that it does not apply to cases where the corporation has received and availed itself of property sold and actually delivered to it. In such cases, the company can be compelled to pay the fair value of such property. In the present case the claim is for work and labor done at a specified rate. The contract not being in writing and signed (or sealed), as required by the statute, the plaintiff cannot force the defendant to continue the contract as to the unexecuted part, but the plaintiff is entitled to recover a fair value for the labor already performed, and which the company has accepted, and of which it has enjoyed the benefits.

The defendant contends, however, that this action is brought upon the express contract, and that no recovery can be had upon a *quantum meruit*, and that if this is not so, still there was no evidence to justify a verdict for the value of the services. The complaint is sufficient to warrant a recovery, either upon express contract or for the value of the work and labor done. *Stokes* v. *Taylor*, 104 N. C., 394, and cases there cited; *Fulps* v. *Mock*, 108 N. C., 601. No amendment was necessary, but if desirable, the Court, in accordance with the present system of procedure, which, without undue neglect of form favors a trial upon the merits, could and should have allowed an amendment of the complaint after a verdict in favor of the plaintiff, if successful. *The Code*, § 273. As to the second objection raised, the contract price agreed upon between the authorized agent of the company and the plaintiff, while not conclusive (since the express contract was per-

GRIFFIN v. LIGHT COMPANY.

force abandoned), was certainly some evidence sufficient to go to the jury as to the value of the services.

The nonsuit must be set aside, and the case remanded for further proceedings in accordance with this opinion.

PER CURIAM.                                    Error.