### A. T. CURTIS v. PIEDMONT LUMBER COMPANY.

*Contract, breach of—Void Contract by Vendee—Action by Vendor.*

Where a contract for the sale of personal property was void the seller cannot, by virtue of the same or by reason of any mere technical acceptance under it and where there has been no delivery to and conversion by the vendee, recover the difference between the contract price and the amount for which the vendor, after tender, afterwards sold the property.

CIVIL ACTION, tried at Spring Term, 1894, of McDOWELL Superior Court, before *Shuford, J.,* and a jury.

The case has been before this Court twice (109 N. C., 401, and 113 N. C., 417), and the facts stated in the reports of those appeals are substantially the same as govern in this appeal.

There was judgment below for the plaintiff, and defendant appealed.

*Mr. W. J. Peele,* for plaintiff.
*Messrs. S. J. Ervin* and *Avery & Silver,* for defendant (appellant).

PER CURIAM: The defendant was entitled to the following instructions, which were refused by the Court:

"3. The Court instructs you further that the contract in this case being void the plaintiff cannot recover by virtue of the same or by reason of any mere technical acceptance under the terms of said contract, but in order to recover the liability must have been incurred by reason of the acts of defendant outside of and independent of any contract whatsoever, and such acts must amount to an actual taking and conversion of the property of the plaintiff by the defendant to its own use, and there being no evidence of such taking or conversion by the defendant, the Court instructs you to answer the first issue, No."

It is very evident that the defendant never actually received the logs, and that, in order to fasten a liability upon it, the plaintiff must make out his case through the alleged contract. This contract was void under the statute, and this Court has decided that there can only be a recovery " where the corporation has received and availed itself of property sold and actually delivered to it." *Roberts* v. *Woodworking Co.*, 111 N. C., 432; *Curtis* v. *Piedmont Co.*, 109 N. C., 401.

This is substantially an action upon the contract in which the vendor, after tender, has sold the property and sues for the difference between the amount brought and the contract price. As the statute has been repealed (Acts 1893, chs. 84 and 388) it will serve no useful purpose to further discuss its provisions.　　　　　　　　　Reversed.