## J. M. FAIRCLOTH v. G. W. KENLAW.

### (Filed 1 April, 1914.)

1. Contracts—Principal and Agent—Parol Agreement—Statute of Frauds—Value of Services—Implied Promise—Measure of Damages.

A parol agreement made by the owner of land with an agent for the sale thereof, that the agent shall receive a certain number of acres of the land in consideration of his services, should he effect a sale, is void under the statute of frauds and will not be enforced when the statute is insisted upon; but the law will imply an agreement upon the part of the owner to pay a reasonable price for the services rendered by the agent when the sale has been consummated, and while the value of the land is

FAIRCLOTH *v.* KENLAW.

not controlling upon the measure of damages, it is competent evidence to be considered by the jury in ascertaining the reasonable value of the services rendered by the agent.

2. **Courts—Jurisdiction—Pleading—Good Faith.**
    The amount of recovery demanded in good faith in the complaint determines the jurisdiction of the court.

APPEAL by defendant from *Lyon, J.,* at November Term, 1913, of HOKE.

Plaintiff, at defendant's request, agreed to sell 70 acres of land for him at $2,500, with the understanding that, if he did so, defendant would convey to him the remaining 4 acres of the land. Plaintiff secured a purchaser for the land, to whom the defendant sold and conveyed it, but refused to pay the plaintiff for his services, and instead of performing his part of the contract as it was made, he pleads the statute of frauds to this action for the value of plaintiff's services so rendered to him. Plaintiff alleged in his complaint and testified that the land is reasonably worth $250, and sues for that amount.

The jury returned the following verdict, in response to the issues submitted by the court:

1. Did the defendant employ the plaintiff to sell the land and agree to give him 4 acres of the land if he would sell 70 acres for $2,500? Answer: Yes.

2. Did the plaintiff sell the 70 acres for $2,500? Answer: Yes.

3. What is the value of the 4 acres that the plaintiff claims he was to have? Answer: $200.

Defendant excepted to the first and third issues. Judgment for plaintiff upon the verdict, and defendant appealed.

*A. S. Hall for plaintiff.*
*Shaw & Currie for defendant.*

WALKER, J., after stating the case: The defendant cannot escape liability for the value of the services rendered by the plaintiff, at his request, by pleading the statute of frauds. He asked for the services, and has received the full benefit of them, and the law implies a promise to pay for them what they are

reasonably worth; otherwise, the statute would be turned into an instrument of fraud instead of executing the purpose for which it was passed. It was intended to prevent and not to promote fraud. What was said by an able and learned court in a similar case is applicable here: The case would fall under a familiar rule—that he had incurred expense and trouble at the request of the defendant—and a right to compensation would follow as a matter of course, not for the loss of the bargain, but for the loss actually sustained, or for the trouble and loss of time incurred. It is a salutary principle of law that every man is bound to the observance of good faith to the extent that he knows that he is trusted; and it is not necessary, to hold him liable, that he was not in a situation to be benefited; he must act so as not to injure another by his conduct. The defendant knew the extent to which he was trusted, and had, by his own act, secured the confidence of the plaintiff. He could not be ignorant of the trouble and expense which would necessarily be incurred by the plaintiff if he reposed such confidence in the assurance of the defendant as one man may reasonably repose in another. Under such circumstances, while it is unquestionably true that no action can be maintained, either to recover damages for the loss of the land or a good bargain, or for a specific performance, yet to hold that the action cannot be sustained to recover for the injury or loss already named would be equivalent to saying that the subject was one in regard to which fraud or bad faith could not be practiced. *Frazer v. Howe,* 106 Ill., at p. 563. It is well settled by the authorities that where payments are made or services rendered upon a contract void by the statute of frauds, and the party receiving the services or payments refuses to go on and complete the performance of the contract, the other party may recover back the amount of such payments, or the value of the services, in an action upon an implied assumpsit. A party who refuses to go on with an agreement void by the statute of frauds, after having derived a benefit from a part performance, must pay for what he has received. *Galvin v. Prentice,* 145 N. Y., 162, citing *King v. Brown,* 2 Hill, 487; *Lockwood v. Barnes,* 3 Hill, 128:

It is said in Browne on the Statute of Frauds (5 Ed.), sec. 118: "One who has rendered services in execution of a verbal contract which, on account of the statute, cannot be enforced against the other party, can recover the value of the services upon a *quantum meruit." Judge Bryan,* in *Baker v. Lauterbach,* 68 Md., 64; at p. 70, expresses the principle with great force and accuracy: "It must be observed that although contracts within the statute of frauds are void unless they are in writing, yet the voluntary performance of them is in no respect unlawful. If services be rendered in pursuance of a contract of this kind by one party, and be accepted by the other, they must be compensated," citing *Ellicott v. Peterson,* 4 Md., 491.

A rule, based upon the same reason, has often been applied in this Court, where a party has entered into the possession of land and made valuable improvements under a parol contract of the owner to convey the same to him. We have recently uniformly held that the owner, if he repudiates the contract, must pay for the improvements to the extent that they have enhanced the value of the land. *Albea v. Griffin,* 22 N. C., 9; *Hedgepeth v. Rose,* 95 N. C., 41; *Tucker v. Markland,* 101 N. C., 422; *Vick v. Vick,* 126 N. C., 123.

Eviction of the vendee by parol agreement from the premises will be granted only upon condition that the vendor repay what he has received from him in money or in benefit. In *Tucker v. Markland, supra, Justice Merrimon* says: "It would be inequitable and against conscience to allow the latter (the vendor) to turn him out of possession thereof without restoring his outlay in cash and for valuable improvements he put on the land while so in possession. The contract was void under the statute if the vendor saw fit to avail himself of it, but he could not be allowed to take fraudulent advantage of a contract he might and did treat as void. He took the purchase money and induced the vendee to take possession of the land and make valuable improvements on it, believing he would get the title therefor. Shall the Court allow the vendor to keep the money of the vendee, which he thus obtained, while it helps him to get possession of the land? Surely not. The court of equity will not

enforce the contract, because the statute pleaded renders it void, but it will not help the vendor to consummate a fraud," citing many cases.

In the case under consideration no recovery can be had on the contract, for the reason that it is void; no damages can be recovered on account of its breach for the same reason, and upon the same principle, the contract being void, the value of plaintiff's services cannot be concluded by its terms. *Steel Works v. Atkinson,* 68 Ill., 421.

The serious question in the case, therefore, is, What is the measure of damages, and how are they to be proved? We think it clear that plaintiff is entitled to recover only the value of his services in selling the land, and not the value of the land as the legal measure of his recovery. Cyc. of Law and Procedure, at p. 300, says: "In an action to recover the value of services rendered on a void contract, the price agreed by parol to be paid is admissible on the question of the value of the services, and this rule has in some cases been carried to the extent of holding the agreed price to be the measure of damages; but the better rule would seem to be that while the agreed price may be admissible on the question of the value of the services, it does not control it and is not necessarily the measure of damages." And for this statement of the law many cases are cited in the notes as supporting the text. If plaintiff were permitted to recover the value of the land, without regard to the value of his services, we would be practically allowing a recovery for breach of a contract void under the statute, and this would not do, for the latter applies to an action for a breach as well as to an action for an enforcement of the contract. We take this to be the true and the sensible rule, that in a suit for work and labor performed, under a contract void by the statute of frauds, evidence of the terms of the contract with reference to plaintiff's compensation is admissible to show the value of his services, as agreed upon by the parties, but is only evidence, and not controlling as matter of law. It is for the jury to consider in making their estimate, and they may award such sum as they may find, upon all the evidence, including that drawn from the contract, is a rea-

FAIRCLOTH *v.* KENLAW.

sonable value of the services (*Moore v. Nail Co.,* 76 Mich., 606;
*Schauzenbach v. Brough,* 58 Ill. App., 526); the inquiry at last
being, What are the services really worth? And the contract
price is some evidence upon that question, it being in the nature
of an admission or declaration of the parties as to the value,
and having no more effect as evidence. It is certainly not con-
clusive upon the jury. Browne on the Statute of Frauds (5
Ed.), sec. 126.

There was error, therefore, in submitting the third issue as
to the value of the 4 acres of land. The inquiry should have
been as to the reasonable value of the services performed by
plaintiff.

It was urged upon us that this being an action for services
rendered in the sale of land, it is not within the statute of
frauds, and *Abbott v. Hunt,* 129 N. C., 403, and other like cases
were cited in support of the contention; but in those cases the
promise was not to convey land, but to give money in compensa-
tion for the services. There is, therefore, no analogy between
them and this case.

Defendant further contended that the court was without juris-
diction, as plaintiff recovered only $200; but he sued for $250,
and apparently in good faith. At least, there is nothing to show
that his claim was made in bad faith. It is the amount de-
manded in good faith that determines the jurisdiction, and not
merely the amount of the recovery. *Boyd v. Lumber Co.,* 132
N. C., 184; *Thompson v. Express Co.,* 144 N. C., 389.

There was error in submitting the third issue, and thereby in
effect confining the damages to the contract price.

New trial.