GEORGE L. GRANTHAM v. LUTHER D. GRANTHAM ET AL.

(Filed 1 November, 1933.)

**1. Frauds, Statute of E c—**

Performance on the part of the promisee does not take an oral contract out of the provisions of the statute of frauds.

**2. Specific Performance B b—**

A parol contract for the conveyance of land cannot be enforced to the extent of decreeing specific performance of the agreement, and plaintiff may not successfully maintain that he is the *cestui que trust* and defendant the trustee of the land for his benefit.

**3. Wills B a: Frauds, Statute of, E c—Parol contract to devise real estate comes within statute of frauds.**

A contract to devise real property comes within the provisions of the statute of frauds, and performance of services by the promisee as consideration for the contract does not take the contract out of the provisions of the statute, and the promisee cannot successfully maintain an action for specific performance of the contract. C. S., 988.

**4. Frauds, Statute of, F b—Defense of statute of frauds held not waived by failure to object to evidence relating to parol contract.**

In a suit for specific performance of a parol contract defendant does not waive his defense of the statute of frauds by failing to object to the admission of evidence relating to the alleged contract where defendant has denied the execution of the alleged contract, such denial extending to the right to specific performance, and defendant being entitled to admit the contract in evidence and plead the bar of the statute, the defendant not denying that plaintiff was entitled to some relief on the contract.

**5. Wills B a—Promisee performing services may recover upon quantum meruit in action on unenforceable contract to devise.**

Where a party renders personal services to another in reliance on a parol contract to devise, which the promisor fails to perform, the promisee may maintain an action against the administrators of the promisor to recover the value of such services, and where plaintiff sufficiently alleges facts entitling him to such recovery in an action against the administrators, his right to recovery will not be defeated by an untenable prayer for specific performance.

**6. Pleadings A a—**

> Where a complaint sufficiently alleges facts entitling plaintiff to recovery, such recovery will not be defeated by a prayer for relief to which plaintiff is not entitled.

**7. Wills B c—Measure of damages recoverable by promisee performing services in action on parol contract to devise.**

> The rule for the assessment of damages in a suit on an unenforceable parol contract to devise real property, where plaintiff has performed personal services to defendant's intestate in reliance on the promise to devise such real estate, is the value of the services rendered, the recovery being based on the theory of implied *assumpsit* or *quantum meruit*, and plaintiff is not entitled to recover the value of the land at the time the contract to devise was made. The admissibility of evidence of the value of the land at such time as tending to establish the value placed on the services by the parties and as being competent evidence of their value, discussed by *Mr. Justice Adams.*

APPEAL by defendant from *Moore, Special Judge,* at March Term, 1933, of WAYNE. New trial.

This is a suit to enforce the specific performance of a contract alleged to have been made between the plaintiff and Mrs. Edith W. Grantham.

Mrs. Grantham died intestate on 1 December, 1930; Luther D. Grantham and George L. Grantham are the administrators of her estate; William U. Grantham is her surviving husband; George L. Grantham, the plaintiff, is her son; the other defendants are her heirs at law.

In his complaint the plaintiff alleges that in May, 1919, Edith W. Grantham made a contract with him by the terms of which she promised to devise and bequeath to him all the property, real and personal, which she might own at the time of her death, in consideration of the plaintiff's agreement to remain with her during the remainder of her life, to look after property and affairs, and to contribute such amount as should be necessary for her support and maintenance; that she then expected to receive certain property from her two brothers which was to be included in her will; that she did receive certain property from them; that her contract with the plaintiff was ratified and reiterated; that on 24 May, 1923, she entered into another specific contract with the plaintiff to devise and bequeath to him all the property which she received from her brothers, in consideration of the plaintiff's agreement.

The plaintiff further alleges that he complied with the terms of the contract and expended large sums of money, not only in support of his mother, but in payment of losses sustained in the operation of her farms and the debts arising therefrom, and that his mother, possibly through inadvertence failed to comply with the terms of the contract and failed to devise and bequeath him her property, including the property derived from the estate of her brothers.

The relief demanded is a decree for specific performance and other relief, and to this end that the defendants be declared trustees for the plaintiff of property owned by Edith W. Grantham at the time of her death and that they be directed .to make conveyance thereof to the plaintiff.

The defendants deny all allegations in reference to the execution of the alleged contract, including those relating to its renewal or ratification; deny that the plaintiff looked after his mother's property and affairs or contributed anything for her support and maintenance; and aver that his mother took care of and supported him.

At the trial the jury returned the following verdict:

1. Did Edith W. Grantham make the agreement with George L. Grantham in 1919, as alleged in the complaint? Answer: Yes.

2. If so, did the plaintiff, George L. Grantham, carry out his part of said agreement? Answer: Yes.

3. Did Edith W. Grantham make the agreement with George L. Grantham in 1923, as alleged in the complaint? Answer: Yes.

4. If so, did the plaintiff, George L. Grantham, carry out his part of said agreement? Answer: Yes.

The court adjudged that the plaintiff is the equitable owner of the several tracts of land described in the complaint after the life estate of William U. Grantham, that the defendants hold the remainder in trust for the plaintiff, and that the judgment operate as a conveyance to the plaintiff of the right, title, and interest of the defendants therein subject to the life estate of William U. Grantham and that the judgment be recorded in the office of the register of deeds.

The defendants excepted and appealed upon assigned error.

*J. Faison Thomson, Hugh Brown Campbell and D. H. Bland for appellants.*
*Kenneth C. Royall and N. W. Outlaw for appellees.*

ADAMS, J. The plaintiff instituted this action against the heirs of Edith W. Grantham specifically to enforce her alleged agreement to leave him at her death all her property in consideration of his services in supporting her and supervising her business affairs, subject to the life estate of her husband as tenant by the curtesy. As the contract was not reduced to writing and all the property in controversy is real estate the question first arising is whether specific performance will be decreed.

The fourth section of the Statute of Frauds (29 Char., 11, chap. 3), provides that no action shall be brought to charge any person "upon any contract or sale of lands, tenements, or hereditaments, or any interest in or concerning them . . . unless the agreement upon which such action is brought or some memorandum or note thereof shall be in

writing and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." In *Smith v. Williams,* 5 N. C., 426, 431, it was held that this statute (enacted in 1676 or 1677) being posterior to the date of the charter under which the State was settled, did not become effective here until 1715, when the common law was declared to be in force (C. S., 970)—the statute with additional clauses subsequently enacted (1819) appearing in chapter 50 of the Revised Statutes. C. S., 988.

It is not questioned that a written contract to devise real property may be valid when supported by a sufficient consideration or that it may be enforced in a court of equity. *Price v. Price,* 133 N. C., 503; *Stockard v. Warren,* 175 N. C., 283. But we are not aware of any decision of this Court to the effect that a parol contract to dispose of real estate in a particular way or to a particular person is subject, upon objection, to the equitable right of specific performance after the death of the promisor. In *East v. Dolihite,* 72 N. C., 562, in an opinion delivered by *Rodman, J.,* it was said that a person may make a contract to devise his lands in a particular way and that a court of equity in a *proper case* will enforce specific performance; also that in those states in which the doctrine of part performance is admitted such contracts will be enforced, even though not in writing, when the enforcement is necessary to prevent fraud. The doctrine of part performance, however, has no place in our jurisprudence and will not dispense with the necessity of a writing. *Albea v. Griffin,* 22 N. C., 9; *Allen v. Chambers,* 39 N. C., 125; *Ballard v. Boyette,* 171 N. C., 24. The logical result was a train of decisions declaring that a parol contract for the conveyance of land cannot be enforced to the extent of decreeing a specific execution of the agreement. *Smith v. Smith,* 60 N. C., 581; *Hall v. Fisher,* 126 N. C., 205; *Davison v. Land Co., ibid.,* 704; *Davis v. Yelton,* 127 N. C., 348; *Shepherd v. Refining Co.,* 198 N. C., 824. Not only this; the plaintiff cannot by the doctrine of estoppel *in pais* successfully claim that he is *cestui que trust* and that the defendants are trustees of the estate. This contention was made in *East v. Dolihite, supra,* to which the Court replied: "The doctrine contended for would be dangerous. It would practically convert mere words, without writing, without witnesses chosen to attest, or any solemnity, such as the law prescribes for wills, into an irrevocable will in the shape of a trust." And it may be said by analogy of reasoning that a decree for the specific enforcement of an unenforceable agreement to devise real property would be equivalent to a supersession the statute (C. S., 4131) which provides that no last will or testament shall be sufficient in law to convey or give any estate unless it shall have been written in the testator's lifetime, signed by him, and subscribed by witnesses.

GRANTHAM *v.* GRANTHAM.

The appellee insists that a contract to devise real property is not within the Statute of Frauds and that *Hager v. Whitener,* 204 N. C., 747, is authority for this position. We cannot concur in either proposition. Hager brought suit not for specific performance but for recoupment of the loss he had suffered by the intestate's failure to comply with his contract. Under the facts of that case the plaintiff had a remedy which was not defeasible by pleading the Statute of Frauds. The Court merely observed that the statute was not applicable to the facts of that case.

It is further contended that if the agreement is within the statute, the defendants waived their right to raise the question by not objecting to the introduction of evidence relating to the contracts. To this there are two answers. The defendants denied the execution of the alleged contracts, or either of them, and the denial raised issues which were submitted to the jury. In *Barnes v. Teague,* 54 N. C., 278, it was held that this plea or denial extends as well to the discovery · as to the performance of the parol agreement, and that a defendant may, while he admits or confesses the parol contract, protect himself under the act from its performance by pleading the statute; and in *Henry v. Hilliard,* 155 N. C., 373, it is said: "The party to be charged may simply deny the contract alleged, or deny it and set up a different contract, and avail himself of the statute, without pleading it, by objecting to the evidence or he may admit the contract and plead the statute; and in either case the contract cannot be enforced. *Browning v. Berry,* 107 N. C., 235; *Jordan v. Furnace Co.,* 126 N. C., 147; *Winders v. Hill,* 144 N. C., 617." Moreover, the defendants do not deny that the plaintiff is entitled to some sort of relief upon the contract and for this reason they could not reasonably have objected to the evidence offered.

Although parol contracts to convey land are void and part performance cannot remove such contracts from the operation of the Statute of Frauds, in consequence of which specific execution cannot be decreed, there is a recognized theory upon which the plaintiff in the present case is entitled to relief. In *Albea v. Griffin, supra,* the Court expressed the opinion that while no action can be maintained at law or in equity for damages because of failure to perform a nonenforceable agreement, the party rendering uncompensated service has an equity which entitles him to relief. Here the deceased led the plaintiff to believe that the latter's labor and service would be rewarded by a devise of the land in question, and it would be inequitable if the estate of the deceased should be "enriched by gains thus acquired to the injury" of the plaintiff. This principle, not a right based on the nonperformance of a void contract, is the foundation of the equity; and this equity the plaintiff may enforce upon his complaint in the present action, although he prays for specific

performance of the contract. The prayer does not determine the scope of the plaintiff's right to relief. *Dunn v. Moore,* 38 N. C., 364; *Capps v. Holt,* 58 N. C., 153; *Pitt v. Moore,* 99 N. C., 85; *Kelly v. Johnson,* 135 N. C., 647; *Deal v. Wilson,* 178 N. C., 600.

The trial court was correct in denying the motion for nonsuit, but as the case is to be tried again it may be expedient to advert to the rule for the assessment of damages.

The general rule is that, where services have been performed in consideration of a promise to devise real property, if the contract, as in the pending case, is not enforceable by reason of the Statute of Frauds, an action cannot be maintained on the special contract, but in case of services performed it may be prosecuted on the theory of implied *assumpsit* or *quantum meruit* to recover the value of the services rendered. Williston states the guiding principle to be as follows: "As the defendant has committed no legal wrong in refusing to perform an unenforceable contract, the plaintiff's measure of damages is based, not on the extent of his loss from the nonperformance of the contract, but on the reasonable value of what he has done. Some cases do indeed allow recovery of the contract price, but the better view is otherwise. . . . The contract price is, however, an admission of value by the defendant and as such should be admitted in evidence, though not treated as conclusive. Decisions which refuse altogether to admit the agreed price in evidence cannot be supported; and it is probable that in some at least of the jurisdictions which have allowed recovery of the contract price as such, the rule may be restricted so far as to involve a recognition of the principle that the plaintiff's recovery is based not on the contract but on an obligation imposed by law because of the benefit received. It is to be observed, however, that the price fixed in the promise is fixed beforehand, and where the amount of the plaintiff's performance is at that time uncertain or contingent it may turn out that the promised price will bear no relation to the value of the plaintiff's actual performance." 1 Williston on Contracts, sec. 536.

The rule as thus stated was followed in *Faircloth v. Kenlaw,* 165 N. C., 228. There the plaintiff at the defendant's request sold seventy acres of land for him in consideration of the defendant's oral promise to convey to him the remaining four acres. The defendant refused to make the conveyance. The plaintiff brought suit, alleging that the four-acre tract was reasonably worth $250, and the defendant pleaded the Statute of Frauds. After saying that the defendant could not escape liability for the value of the plaintiff's services, *Walker, J.,* adhering to the rule as given by Williston, proceeded as follows: "The serious question in the case, therefore, is, what is the measure of damages, and how are they to be proved? We think it clear that plaintiff is entitled

to recover only the value of his services in selling the land, and not the value of the land as the legal measure of his recovery. Cyc. of Law and Procedure, at p. 300 says: 'In an action to recover the value of services rendered on a void contract, the price agreed by parol to be paid is admissible on the question of the value of the services, and this rule has in some cases been carried to the extent of holding the agreed price to be the measure of damages; but the better rule would seem to be that while the agreed price may be admissible on the question of the value of the services, it does not control it and is not necessarily the measure of damages.' And for this statement of the law many cases are cited in the notes as supporting the text. If plaintiff were permitted to recover the value of the land, without regard to the value of his services we would be practically allowing a recovery for breach of a contract void under the statute, and this would not do, for the latter applies to an action for a breach as well as to an action for an enforcement of the contract. We take this to be the true and the sensible rule, that in a suit for work and labor performed, under a contract void by the statute of frauds, evidence of the terms of the contract with reference to plaintiff's compensation is admissible to show the value of his services, as agreed upon by the parties, but is only evidence, and not controlling as matter of law. It is for the jury to consider in making their estimate, and they may award such sum as they may find, upon all the evidence, including that drawn from the contract, is a reasonable value of the services (*Moore v. Nail Co.,* 76 Mich., 606; *Schauzenbach v. Brough,* 58 Ill. App., 526); the inquiry at last being, what are the services really worth? And the contract price is some evidence upon that question, it being in the nature of an admission or declaration of the parties as to the value, and having no more effect as evidence. It is certainly not conclusive upon the jury. Browne on the Statute of Frauds (5 ed., sec. 126)."

The rule was reaffirmed in *Deal v. Wilson, supra:* "Where services are rendered on an agreement which is void by the statute, an action will lie on the implied promise to pay for such services, and the terms of the contract are admissible as evidence of what those services are worth." So in 25 R. C. L., 307: "When by reason of the statute of frauds a parol agreement to make testamentary provision in favor of one rendering personal services cannot be enforced, an action may lie against the personal representative of the decedent on a *quantum meruit* to recover the value of the services performed, as that amount and not the value of the property agreed to be conveyed, is the measure of damages." *Vide Miller v. Lash,* 85 N. C., 52; *Whetstine v. Wilson,* 104 N. C., 384; *Patterson v. Franklin,* 168 N. C., 75; *McCurry v. Purgason,* 170 N. C., 463.

In *Redmon v. Roberts,* 198 N. C., 161, reference was made to *Bowling v. Bowling,* 300 S. W. (Ky.), 876, in which it was held that upon the facts there developed the measure of damages was the value of the property agreed to be devised; but it was expressly noted in the opinion that the measure of damages was not before us. The reference, therefore, was *obiter dictum.* In *Hager v. Whitener,* 204 N. C., 747, the rule in *Bowling's case* seems to have been applied, but to say as a general principle that the measure of damages for failure to comply with a verbal promise to devise land is the value of the property agreed to be devised is not in accord with the decisions of this Court.

New trial.