W. H. NORTON v. CARRIE ELLIOTT McLELLAND, EXECUTRIX, ET AL.

(Filed 10 April, 1935.)

**Wills B c—**

In an action to recover the reasonable value of services rendered deceased under an oral contract to devise lands, the value of lands promised to be devised is competent as affording some estimate of what the parties themselves contemplated such services probably would be worth.

APPEAL by defendants from *Stack, J.,* at November Term, 1934, of IREDELL.

Civil action to recover for services rendered by plaintiff to W. D. McLelland during the last five years of his life, it being alleged that in 1926 the said W. D. McLelland entered into an agreement with the plaintiff to devise him fifty acres of land, known as the Bradshaw Place, in consideration of services rendered and to be rendered.

It is admitted that W. D. McLelland died in 1931 without devising the Bradshaw Place to plaintiff.

Upon denial of liability and issues joined, the jury returned the following verdict:

"Are the defendants indebted to the plaintiff for services rendered to their testator, as alleged in the complaint, and if so, in what amount? A. '$1,000.'"

Judgment on the verdict, from which the defendants appeal, assigning errors.

*Scott & Collier for plaintiff.*
*Burke & Burke, Buren Jurney, Jack Joyner, and Lewis & Lewis for defendants.*

STACY, C. J. The case was tried upon the theory that when services are performed under an agreement that compensation is to be provided therefor in the will of the party receiving the benefit, and no such pro-

vision is made, an action in *assumpsit* will lie to recover for the breach (*Lipe v. Trust Co.,* 207 N. C., 794), and that the value of the property, agreed to be devised, may be considered in connection with other evidence, on the issue of *quantum meruit* or the reasonable value of the services rendered. *Grantham v. Grantham,* 205 N. C., 363, 171 S. E., 331.

The value of the property is allowed to be shown in evidence as affording some estimate of what the parties themselves contemplated such services probably would be worth. *Faircloth v. Kenlaw,* 165 N. C., 228, 81 S. E., 299; *Deal v. Wilson,* 178 N. C., 600, 101 S. E., 205. The decisions have established the competency of this evidence, which we are disposed to follow, notwithstanding the cogency of the reasons advanced against its reception.

Speaking directly to the question in *Faircloth v. Kenlaw, supra,* *Walker, J.,* delivering the opinion of the Court, said: "We take this to be the true and the sensible rule, that in a suit for work and labor performed, under a contract void by the statute of frauds, evidence of the terms of the contract with reference to plaintiff's compensation is admissible to show the value of his services, as agreed upon by the parties, but is only evidence, and not controlling as matter of law. It is for the jury to consider in making their estimate, and they may award such sum as they may find, upon all the evidence, including that drawn from the contract, is a reasonable value of the services (*Moore v. Nail Co.,* 76 Mich., 606; *Schauzenbach v. Brough,* 58 Ill. App., 526); the inquiry at last being, What are the services really worth? And the contract price is some evidence upon that question, it being in the nature of an admission or declaration of the parties as to the value, and having no more effect as evidence. It is certainly not conclusive upon the jury. Browne on the Statute of Frauds (5 Ed.), sec. 126."

The rule of evidence thus established in this jurisdiction was reaffirmed in *Deal v. Wilson, supra, Grantham v. Grantham, supra,* and *Lipe v. Trust Co.,* 206 N. C., 24, 173 S. E., 316.

The matters presented have been so recently discussed in the cases cited that further elaboration would seem to be supererogatory.

A careful perusal of the record leaves us with the impression that no reversible error was committed on the trial, hence the verdict and judgment will be upheld.

No error.