S. H. GRADY v. J. HOWARD FAISON, ADMINISTRATOR OF THE ESTATE OF BETTIE KORNEGAY FAISON, DECEASED.

(Filed 1 November, 1944.)

1. Trial § 54—

    Findings of fact by a referee, approved by the judge, trial by jury having been waived by the parties, are unassailable when supported by competent evidence.

2. Trial § 22a—

    The refusal of defendant's motion for nonsuit, and his failure to offer evidence, should not be considered as conclusively establishing the credibility of plaintiff's evidence. G. S., 1-183.

GRADY *v.* FAISON.

**3. Executors and Administrators § 15d—**

Failure to prove a special contract, between plaintiff and defendant's intestate for compensation to plaintiff for personal services by a devise of real and personal property, will not prevent plaintiff from maintaining his claim for compensation upon an implied promise to pay what these services were reasonably worth.

**4. Same: Limitation of Actions § 2e—**

In the absence of a special contract to compensate plaintiff for his services to defendant's intestate, by will effective at defendant's death, the statute of limitations bars all claims for services except those rendered within three years.

**5. Specific Performance § 3: Frauds, Statute of § 13—**

In a suit to enforce specific performance of an oral contract to convey land, the denial of the contract in the answer raises the defense of the statute of frauds.

**6. Specific Performance § 1—**

Specific performance of an oral contract to devise real property is unenforceable, as is also an indivisible contract to devise real and personal property.

**7. Executors and Administrators § 15d—**

The relationship of plaintiff, an adult nephew, to the defendant's intestate, an elderly aunt, in an action for compensation for personal services, is not sufficient to raise the presumption of gratuitous services.

**8. Contracts §§ 5, 22—**

Evidence of the performance of valuable services at the request of, or knowingly accepted by another, raises the implication of a promise to pay what the services are reasonably worth.

APPEAL by plaintiff and defendant from *Frizzelle, J.,* at April Term, 1944, of DUPLIN. Affirmed on both appeals.

This was an action to recover for services to defendant's intestate. It was alleged that the services were rendered in consequence of decedent's contract to compensate plaintiff therefor by a devise of real and personal property.

Compulsory reference was ordered. The referee reported findings of fact and conclusions of law to the effect, (1) that the decedent did not enter into the special contract alleged; (2) that there was an implied promise on the part of decedent to pay plaintiff the reasonable worth of the services rendered; (3) but that plaintiff was only entitled to recover the reasonable value of such services as were rendered within three years of the death of the intestate; and (4) that the reasonable value of plaintiff's services for the three years' period was $1,500.

Plaintiff filed exceptions to the referee's report on the ground that he should have found there was a special contract between intestate and

plaintiff as alleged; or, failing that, the three years' statute of limitations should not have been applied, and that the value of the services rendered within the three years' period was greater than that allowed.

Defendant excepted to the referee's report on the ground that there was no competent evidence to support the finding that plaintiff was entitled to recover anything on his claim, and that plaintiff's action should have been nonsuited.

On the hearing jury trial was waived, and the court, after consideration of the pleadings, evidence, report of referee and exceptions thereto, sustained, approved and confirmed each of the referee's findings of fact and conclusions of law, and overruled all exceptions thereto, and entered judgment that plaintiff recover of defendant administrator $1,500.

Both plaintiff and defendant appealed.

*Oscar B. Turner, L. A. Wilson, and H. E. Phillips for plaintiff.*

*J. Faison Thomson, Rivers D. Johnson, and Beasley & Stevens for defendant.*

DEVIN, J. The plaintiff grounded his action for compensation for services to the defendant's intestate upon an alleged special contract or agreement to compensate him therefor by devising to him all the property, real and personal, she might own at her death. However, the referee who heard all the evidence found as a fact that the decedent and plaintiff did not enter into the special contract alleged. This finding, which is supported by evidence, was approved and confirmed by the trial judge, and hence the conclusion on this point must be regarded as unassailable. *Dent v. Mica Co.,* 212 N. C., 241, 193 S. E., 165. The suggestion that the refusal of defendant's motion for nonsuit, and his failure to offer evidence should be considered as conclusively establishing the credibility of plaintiff's evidence, is not in accord with the statutory proceedings prescribed by G. S., 1-183.

But failure of proof of a special contract would not prevent plaintiff from maintaining his claim for compensation for his services to decedent upon the implied promise to pay what these services were reasonably worth. *Brown v. Williams,* 196 N. C., 247, 145 S. E., 233; *Lipe v. Trust Co.,* 206 N. C., 24, 173 S. E., 316; *Price v. Askins,* 212 N. C., 583, 194 S. E., 284; *Daughtry v. Daughtry,* 223 N. C., 528. Upon this phase of the case the plaintiff excepted to the ruling of the trial court in confirming the conclusion of the referee that in the absence of a special contract to compensate plaintiff for his services by will effective at her death, the statute of limitations would bar all claim for services except those rendered within three years. This ruling was a logical sequence

of the finding that there was no contract to postpone payment of compensation until her death, such as would arrest the running of the statute, and hence the ruling must be upheld as correct. *Miller v. Lash,* 85 N. C., 54; *Brown v. Williams,* 196 N. C., 247, 145 S. E., 233; *Lipe v. Trust Co.,* 207 N. C., 794, 178 S. E., 665.

. The complaint was not demurrable. *Grantham v. Grantham,* 205 N. C., 363, 171 S. E., 331. Denial of the contract in the answer raised the defense of the statute of frauds. *Henry v. Hilliard,* 155 N. C., 372, 71 S. E., 439. Specific performance of an oral contract to devise real property is unenforceable, *Daughtry v. Daughtry,* 223 N. C., 528, as is also an indivisible contract to devise real and personal property. *Neal v. Trust Co., ante,* 103. Plaintiff's action was not for specific performance of the alleged contract, but in the last analysis for the value of his services for the entire period during which they were performed. *Norton v. McLelland,* 208 N. C., 137, 179 S. E., 443. While there was a failure of proof that there was such a contract as was alleged in the complaint, evidence in regard to it, though insufficient to prove the contract, would be available to support the position that the services were of value, and that compensation therefor was within the contemplation of the parties. *Neal v. Trust Co., supra; Hager v. Whitener,* 204 N. C., 747, 169 S. E., 645.

Plaintiff also excepted to the amount fixed by the referee as the reasonable worth of his services during the last three years of the life of defendant's intestate. He contends the amount is insufficient. However, this was a matter to be determined by the referee from the evidence, and his finding approved by the judge will not be disturbed.

On the plaintiff's appeal the judgment is affirmed.

### DEFENDANT'S APPEAL.

The defendant's appeal presents the question whether there was any competent evidence to support the finding that plaintiff was entitled to recover anything on his claim for services to defendant's intestate. He contends his motion for judgment of nonsuit should have been sustained.

It may be observed that the relationship of the plaintiff, an adult nephew, to the decedent, an elderly aunt, was not sufficient to raise the presumption of gratuitous service. *Francis v. Francis,* 223 N. C., 401; *Landreth v. Morris,* 214 N. C., 619, 200 S. E., 378. And the general rule would apply that evidence of the performance of valuable services at the request of, or knowingly accepted by another, raises the implication of a promise to pay what the services are reasonably worth. *Winkler v. Killian,* 141 N. C., 575, 54 S. E., 540.

An examination of the testimony produced before the referee, as it appears of record, leads to the conclusion that there was some evidence to support the finding, both as to the service rendered and its value. True some of the evidence related to a period more than three years before the death of the intestate, and much of it was lacking in detail and in definiteness of description, but we think it does appear that services were requested by decedent and rendered by plaintiff in supervising her farm and transacting her business affairs, assisting in repairs, harvesting and marketing crops, negotiating and conducting sales of timber, and that evidence of these services was coupled with expressions on the part of decedent of appreciation of plaintiff's faithful services, and her dependence on his help in many matters, and of her expectation of compensating him therefor.

The defendant noted exception to the ruling of the referee, approved by the judge, as to the admission, over objection, of several matters of testimony, but these, we think, were not of sufficient moment to require setting aside the result, and there was competent evidence to support the finding and judgment. On the defendant's appeal the judgment is affirmed.

On plaintiff's appeal:　Affirmed.

On defendant's appeal:　Affirmed.