LEE COLEY v. JOHN A. DALRYMPLE, ADMINISTRATOR.

(Filed 21 March, 1945.)

**1. Executors and Administrators § 15d: Wills §§ 4, 5: Frauds, Statute of, § 9—**

An oral contract, to devise specific realty for services rendered deceased, is contrary to the statute of frauds and not enforceable, that issue being raised.

**2. Pleadings § 3a—**

Recovery is to be had, if at all, on the theory of the complaint and not otherwise.

**3. Executors and Administrators § 15d—**

Where a plaintiff alleges a contract by the deceased to pay for services performed, in an action against deceased's personal representative, and upon trial fails to prove a special contract, but does prove the performance of the services and their value, he may not recover on special contract, though he is entitled to recover on implied *assumpsit* or *quantum meruit* without amending the complaint.

**4. Same—**

Services rendered to a mother-in-law by plaintiff and his family, while residing in a separate house as tenants on the mother-in-law's farm, are not such as to indulge the presumption of gratuitous attention prompted by natural ties of affection.

**5. Husband and Wife § 15: Executors and Administrators § 15d—**

In an action by plaintiff against the personal representative of his deceased mother-in-law for personal services rendered by himself and his family, the services rendered by plaintiff's wife, which were performed outside their home and not within the scope of her household or domestic duties, would properly be recoverable, on implied *assumpsit* or *quantum meruit*, in her own name.

**6. Husband and Wife § 1—**

While the statute provides that the earnings of a married woman, by virtue of any contract for her personal services, shall be her sole and separate property, G. S., 52-10, still this does not relieve her of her marital obligations, or deny to her the privilege of sharing in the family duties and aiding in such work, as the helpmeet of her husband, when minded so to do.

**7. Same—**

A married woman is still a *feme covert* with the rights, privileges and obligations incident to such status under the law.

**8. Appeal and Error § 48—**

Where a case has been tried on a misapplication of the pertinent principles of law, the practice is to remand it for another hearing.

APPEAL by defendants from *Johnson, Special Judge,* at September Term, 1944, of LEE.

Civil action to recover for services rendered by plaintiff and his wife and children to plaintiff's mother-in-law, Mrs. J. F. Coley, during the last three years of her life, it being alleged that in 1934 the said Mrs. J. F. Coley "contracted with the plaintiff to move in a house on the place owned by her and promised and agreed to pay the plaintiff for his work and the work and services of the plaintiff's wife and their children in looking after, caring for and waiting upon her."

It is in evidence that in September, 1934, the plaintiff moved with his family from Raleigh to his mother-in-law's farm in Lee County and worked as a "half-share tenant" until the death of his mother-in-law on 15 February, 1941. The evidence further tends to show that plaintiff's father and mother-in-law were in poor health; that plaintiff and his wife and children ministered to their many wants, looked after them in their afflictions, cared for plaintiff's mother-in-law in her last years when she was sick, in bed, and needed assistance, and discharged many onerous duties of a menial nature, under such circumstances and in such manner as reasonably called for compensation, which was intended to be given and expected to be received. Most of the work for which plaintiff seeks to recover was done by his wife.

There is also evidence to the effect that plaintiff's mother-in-law "told him (the plaintiff) that if he would come back she would see that the place went to him at her death, if he would look after her and Mr. Coley."

Upon denial of liability and issue joined, the jury returned the following verdict:

"1. Did the plaintiff and Mrs. J. F. Coley, deceased, enter into an express contract, under the terms of which it was agreed that the plaintiff should move into a house on her place and be paid by her for his work and the work and services of his wife and children in looking after and caring for and waiting upon her, as alleged in the amended complaint? Answer: Yes.

"2. Did the plaintiff and his wife and his son, in performance in said contract, render to Mrs. J. F. Coley during the last three years of her life services which were not paid for or settled for; and, if so, what was the reasonable value of such services? Answer: $1,200.00.

"3. Did the plaintiff and his son, during the last three years of the life of Mrs. J. F. Coley (whether under express contract for pay or not) perform services for Mrs. J. F. Coley which she knowingly accepted and did not pay or settle for; and, if so, what was the reasonable value of such services? Answer: $300.00."

From judgment on the verdict for $1,200, the defendants appeal, assigning errors.

*Gavin, Jackson & Gavin for plaintiff, appellee.*
*K. R. Hoyle for defendants, appellants.*

STACY, C. J. The outcome of the case depends upon whether it is made to rest on special contract or on implied *assumpsit* or *quantum meruit. Lawrence v. Hester,* 93 N. C., 79. If on the former, it must fail. *Graham v. Hoke,* 219 N. C., 755, 14 S. E. (2d), 790. If on the latter, it may survive in part. *Hayman v. Davis,* 182 N. C., 563, 109 S. E., 554.

## I. THE SPECIAL COUNT.

The record is wanting in sufficiency to establish any express contract, such as alleged in the complaint, or to support the jury's finding on the first issue. Hence, the principal question, debated on argument and in briefs, namely, whether, in the circumstances, plaintiff can recover for his wife's services, rendered as his assistant or to him, and not with a view to a charge by her in her own name, is not perforce presented for decision. *McCurry v. Purgason,* 170 N. C., 463, 87 S. E., 244; *Switzer v. Kee,* 146 Ill., 577, 35 N. E., 160; *Stevenson v. Akarman,* 83 N. J. L., 458, 85 Atl., 166, 46 L. R. A. (N. S.), 238, and note; Anno. 46 L. R. A. (N. S.), 238; L. R. A., 1917 E, 288; 41 C. J. S., 413; 27 Am. Jur., 68. While the statute provides that the earnings of a married woman "by virtue of any contract for her personal earnings" shall be her sole and separate property "as fully as if she had remained unmarried," G. S., 52-10, still this does not relieve her of her marital obligations, or deny to her the privilege of sharing in the family duties and aiding in such work as the helpmeet of her husband, when minded so to do. *Helmstetler v. Power Co.,* 224 N. C., 821; Kelly's "Contracts of Married Women," 153. A married woman is still a *feme covert* with the rights, privileges and obligations incident to such status under the law. *Buford v. Mochy,* 224 N. C., 235, 29 S. E. (2d), 729.

Nor is the plaintiff in position to insist on the promise, if made by defendant's intestate, that she would devise the place to him, or see that it went to him at her death, in exchange for services to be rendered to her and to her husband. *Neal v. Trust Co.,* 224 N. C., 103, 29 S. E. (2d), 206. In the first place, it is not according to the allegations of the complaint, *Whichard v. Lipe,* 221 N. C., 53, 19 S. E. (2d), 14; and, secondly, it rests only in parol. *Price v. Askins,* 212 N. C., 583, 194 S. E., 284; *Grantham v. Grantham,* 205 N. C., 363, 171 S. E., 331. It is not subject to specific enforcement. *Daughtry v. Daughtry,* 223 N. C.,

528, 27 S. E. (2d), 446; G. S., 22-2. "Recovery is to be had, if allowed at all, on the theory of the complaint, and not otherwise." *Balentine v. Gill,* 218 N. C., 496, 11 S. E. (2d), 456.

## II.   THE GENERAL COUNT.

The complaint is broad enough, however, to support a recovery on implied *assumpsit* or *quantum meruit,* and there is evidence to warrant the submission of the case to the jury on this theory. *Neal v. Trust Co., supra; Lindsey v. Speight,* 224 N. C., 453, 31 S. E. (2d), 371; *Grady v. Faison,* 224 N. C., 567; *Price v. Askins, supra; Edwards v. Matthews,* 196 N. C., 39, 144 S. E., 300; *Brown v. Williams,* 196 N. C., 247, 145 S. E., 233; *Norton v. McLelland,* 208 N. C., 137, 179 S. E., 443; *Lipe v. Trust Co.,* 207 N. C., 794, 178 S. E., 665; McIntosh on Procedure, 420. See *Graham v. Hoke, supra,* and *Hayman v. Davis, supra.* "Where the plaintiff alleged a contract to pay for services performed, and, upon the trial, failed to prove a special contract, but did prove the performance of the services and their value: *Held,* that he was entitled to recover upon *quantum meruit* without amending the complaint." Third headnote, *Stokes v. Taylor,* 104 N. C., 394, 10 S. E., 566. See *Roberts v. Woodworking Co.,* 111 N. C., 432, 16 S. E., 415, and McIntosh on Procedure, 421.

It will be noted that plaintiff was a tenant on his mother-in-law's farm. They lived in separate houses, though not far apart. The services rendered by plaintiff and members of his family to his father and mother-in-law were not as members of his own household so as to indulge the presumption of gratuitous attention prompted by natural ties of affection. *Staley v. Lowe,* 197 N. C., 243, 148 S. E., 240; *Winkler v. Killian,* 141 N. C., 575, 54 S. E., 540. The inference is permissible that compensation was reasonably intended on the one hand and expected on the other. *Francis v. Francis,* 223 N. C., 401, 26 S. E. (2d), 907; *Landreth v. Morris,* 214 N. C., 619, 200 S. E., 378; *Nesbitt v. Donoho,* 198 N. C., 147, 150 S. E., 875.

The services rendered by plaintiff's wife, which were performed outside the home and not within the scope of her household or domestic duties, would properly be recoverable on implied *assumpsit* or *quantum meruit* in her own name. G. S., 52-10; *Neal v. Trust Co., supra; Burton v. Styers,* 210 N. C., 230, 186 S. E., 248; *Patterson v. Franklin,* 168 N. C., 75, 84 S. E., 18; *Croom v. Lumber Co.,* 182 N. C., 217, 108 S. E., 735; *Helmstetler v. Power Co., supra;* 27 Am. Jur., 69; 41 C. J. S., 741-742.

The case will be remanded for trial on the theory of implied *assumpsit* or *quantum meruit.* While the third issue may have been submitted

with this theory in mind, yet the verdict as rendered is insufficient to dispose of the matter. *Lipe v. Trust Co.,* 206 N. C., 24, 173 S. E., 316; *Lawrence v. Hester, supra.* Where a case has been tried on a misapplication of the pertinent principles of law, the practice is to remand it for another hearing. *Moffitt v. Glass,* 117 N. C., 142, 23 S. E., 104; *McGill v. Lumberton,* 215 N. C., 752, 3 S. E. (2d), 324; *S. v. Williams,* 224 N. C., 183, 29 S. E. (2d), 744. Accordingly, it is so ordered here.

New trial.