HENRY A. REAMS v. H. F. WILSON.

(Filed 8 April, 1908).

1. **Principal and Agent—Agency to Sell—Purchaser—Agent's Compensation—All Over a Fixed Price—Contract, Express.**

   An agreement between principal and agent that the latter is empowered to sell for the former a piece of property and to have all he could obtain for it over a certain price is a valid express contract as to the agent's compensation, and he is entitled to recover upon the contract in obtaining a purchaser "ready, able and willing" to pay for the property.

2. **Principal and Agent—Agency to Sell—No Time Limit—Revocation, Notice of.**

   When a principal places his property with an agent to be sold, without specifying a definite time therefor, notice of revocation is necessary to terminate the agency, especially when there is an agreement to that effect.

3. Principal and Agent — Agency to Sell — Purchaser Procured — "Ready, Able and Willing"—Evidence Sufficient.

An agent to sell property of his principal can corroborate his evidence that his vendee was "ready, able and willing" to comply with the sale by showing that his vendee soon after bought the property, from the one to whom the principal had sold, at the price agreed upon with the agent.

ACTION tried before *Webb, J.,* and a jury, at' January Term, 1908, of DURHAM.

Plaintiff appealed.    The facts are stated in the opinion.

*son* and *Giles & Sykes* for plaintiff.
*rett* and *Manning & Foushee* for defendant.

J.    The uncontradicted testimony of the plain-
a December, 1906, the defendant placed in his
∋ of property to sell at $1,400, with a stipulation
of commissions the plaintiff was to have all he
:r $1,400, and that it was agreed further between
�captain defendant would not dispose of the property
ng the plaintiff notice; that in February the plain-
property for $1,500 to a party "ready, able and
ⅹ⟩ay for it, but, on reporting the sale to defendant,
he latter had sold the property, 29 January, 1907,
⟩arty for $1,350, without giving the plaintiff any

above evidence the court charged that the defend-
ⅰght to sell the land and that "the plaintiff would⸱
tled ⸱to recover $100—that is, the difference be-
·$1,⸱00 and $1,500—but that he would be entitled to
the *quantum meruit*—*i. e.,* such compensation as the
jury may find he is entitled to recover for the services he ren-
dered the defendant in attempting to sell the land between the
date of the contract and the time (29 January) when the de-
fendant sold it."

This was erroneous.    There being a valid express contract,
there is no place for recovery on a *quantum meruit*.    The

plaintiff was entitled to recover the stipulated compensation (here $100), if the jury believed the evidence.   *Reed v. Reed,* 82 Pa. St., 420; *Phelan v. Gardner,* 43 Cal., 306; *Doty v. Miller,* 43 Barb., 529; *Bailey v. Chapman,* 41 Mo., 537; *Monroe v. Snow,* 131 Ill., 136, and numerous cases collected in notes to *Breckenridge v. Claridge,* 43 L. R. A., 593.

Notice of revocation must be given by the principal to the agent.   Mechem Agency, sec. 226.   Besides, in this case an express agreement that notice should be given is shown.

If there had been no agreement as to the compensation the plaintiff could have recovered on a *quantum meruit* for the value of his services in making sale at the price he did, and not merely the value of services in trying to make sale up to 29 January, when the defendant, unknown to plaintiff, actually made sale—the rule which his Honor laid down.   That the vendee of the plaintiff was "ready, able and willing" to comply is fully shown by the fact that the plaintiff, on defendant's failure to comply, bought the land for his vendee from defendant's vendee for $1,500.

Error.