W. L. BRYAN v. CALVIN J. COWLES ET AL.

(Filed 27 May, 1910.)

**Principal and Agent—Contracts of Sale—Quantum Meruit—Verdict—Harmless Error.**

> In an action to recover for services rendered in the sale of defendants' timber lands, the plaintiff relied upon an offer made and accepted by letter as a complete written agreement that he should receive all moneys obtained above a fixed price; and, also, upon a *quantum meruit* for services rendered in eventually effecting the sale, which was accordingly accepted by the defendant: *Held*, the correspondence was insufficient upon its face to entitle the plaintiff to recover upon it, as on contract, but as he was entitled to recover upon a *quantum meruit* for services rendered, and the verdict of the jury upon its face necessarily established that it was rendered as on a *quantum meruit,* no reversible error is found.

APPEAL from *Councill, J.,* at September Term, 1909, of WATAUGA.

Plaintiff brought this action against C. J. Cowles, deceased, defendants' testator, before his decease, and after his death the present defendants qualified as his executors and were made parties. Plaintiff in first cause of action sues for $10,950, which he alleges is due him under a paper-writing dated 13 February, 1897, and hereinafter set out, on account of the alleged sale of the defendants' testator's timber lands; and in a second cause of action he sues for the same amount, which he alleges is due him upon the *quantum meruit* on account of alleged sale of said lands.

Defendants denied any and all liability for plaintiff's claim. On the trial the jury rendered the following verdict:

"In what sum, if any, are defendants indebted to the plaintiff? Answer: $5,000."

Judgment on verdict for plaintiff, and defendants excepted and appealed.

*L. D. Lowe* and *T. A. Love* for plaintiff.
*Finley & Hendren, T. C. Bowie* and *Manly & Hendren* for defendant.

PER CURIAM. We have carefully considered the record and exceptions noted, and are of opinion that there has been no reversible error committed to defendants' prejudice.

It appeared that in 1903-4-5, the testator, Calvin J. Cowles, had conveyed large bodies of mountain land, to wit, over 7,300

acres, to certain purchasers at an average price of $4 per acre, the amount received therefor being $29,364.40, and plaintiff claimed that these sales were brought about as result of plaintiff's labor and efforts, and under and by virtue of a special contract between plaintiff and defendant, plaintiff was to have all the proceeds of said sale over and above $2.50 per acre net to the owner, C. J. Cowles. The amount of plaintiff's demand in this aspect of the case being something over $10,000. In case this claim is not established, plaintiff makes a demand on a *quantum meruit* for services rendered in effecting said sales. The court submitted the claim to the jury in both aspects and on a single issue, and the jury, as stated, rendered a verdict in plaintiff's favor for $5,000, for which judgment was entered.

On consideration of the testimony, we concur with defendants in the position that the plaintiff has failed to establish his claim made on the special contract. According to plaintiff, this phase of his demand was made to rest on a letter written by the testator to plaintiff in reference to a sale of these lands, bearing date 13 February, 1897, and in terms as follows:

WILKESBORO, N. C., February 13, 1897.

W. L. BRYAN, ESQ.

DEAR SIR:—I am glad you contemplate a visit to Washington City to effect a sale of a large body of mountain land; and as I have property of that kind which I would like to find a market for, I authorize you to make sale of as much as 6,000 acres, at not less than $2.50 per acre, net; $1.25 cash and $1.25 on one, two and three years, bearing 6 per cent interest, interest payable annually, and the deferred payments secured by mortgage on the land situated in Wilkes and Watauga counties and west of Lewis Creek Fork. I repeat the price per acre, which is to be $2.50, net. Of course, I give good titles; but to enable me to clear them of liens it may be necessary for the purchasers to advance money or to pay into the office a part of the above purchase money.

Wishing you success, I am, respectfully,

CALVIN J. COWLES.

With evidence tending to show a sale after and in pursuance of authority in the letter.

Defendants, denying that plaintiff properly interpreted the letter, further offered in evidence two letters of later date in terms as follows:

WILKESBORO, N. C., July 1, 1897.

W. L. BRYAN, ESQ.

DEAR SIR:—Yours of the 12th ult. duly received. Nothing since from you. We are now four (4) months away from the period of your deal with Pennsylvania friends; and, so far as I can see, there is little if any progress to the goal. The money promised and so much needed. This is extremely discouraging. Being compelled to have money, I have concluded to throw my lands open to the first applicant. If you come first, you have it; but if others come first, with the cash or its equivalent, before you do, why, just let him have it. So you see where I stand. Land for sale. "First come, first served." I hope you will get it, but all depends on celerity.

Respectfully yours,

(Signed)          CALVIN J. COWLES.

WILKESBORO, N. C., July 19, 1897.

W. L. BRYAN, ESQ.

DEAR SIR:—Yours of 2d, 3d and .... inst., to hand—three letters. So far, nobody has appeared amongst us with money to buy lands; and, speaking for myself, I repeat that I am open for a trade. You have doubtless been disappointed. This has led to disappointment all along the line. If your folks were here now, or if they beat the Dotson set, you will get my land; *but I cannot extend the time only when the money is in sight.* My necessities are too great to allow much lapse. S. J. G. and Absher have given H. an option of thirty days only.

Yours truly,

(Signed)          CALVIN J. COWLES.

And we are disposed to agree with defendants that if the letter relied on by plaintiff had amounted to the contract, as claimed by him, these subsequent letters written before any sale or contract or option looking to that end had been effected would have amounted to a revocation of the agreement; but we do not think that a proper construction of the first letter supports the plaintiff's position, that it was a binding agreement to allow plaintiff all over $2.50 that the lands might net defendant. It was simply an authority to sell at the price indicated, and if more was obtained the increase was to inure to the owner's benefit, the plaintiff to be paid for what his services were worth, if such was the understanding and agreement of the parties in the light of all the attendant facts and

circumstances. We are of opinion, therefore, that his Honor should not have submitted the plaintiff's demand to the jury in the aspect of a claim under and by virtue of a special contract. We do not think, however, that this should be held for reversible error, because it is perfectly plain, from a perusal of the testimony and the charge of the court and verdict, that this claim was rejected by the jury. The lands sold were over 7,000 acres at an admitted price of $4 per acre, and, if the jury had sustained plaintiff's demand on a general contract, the claim would have been not less than $10,000. The jury have, therefore, evidently awarded this verdict on the *quantum meruit,* and unless there was error in submitting the claim in this phase of the matter, we do not think the result of the trial should be disturbed. *Rhyne v. Rhyne,* 151 N. C., 400.

There was abundant testimony to support such a claim. The evidence on the part of plaintiff tended to show that after the writing of the letter of February, 1897, the plaintiff was engaged for six years and over in the endeavor to effect a sale of these lands for testator; that he spent both time and money in such service, and that this was done with the full knowledge and approval of the testator; and that the sale was brought about by reason of plaintiff's labor and efforts to that end.

This view of the case was submitted to the jury under a charge free from error, and their verdict is justified on the testimony and the familiar principle last stated in *Winkler v. Killian,* 141 N. C., 575, as follows:

"It is ordinarily true that where services are rendered by one person for another, which are knowingly and voluntarily accepted, without more, the law presumes that such services are given and received in expectation of being paid for, and will imply a promise to pay what they are reasonably worth."

There is no error disclosed in the record, and the judgment in plaintiff's favor is affirmed.

No error.