The following judgment was rendered in the court below:
"This cause coming on to be heard at this term of the court before the undersigned judge and a jury, and the jury having responded to the issues submitted to them, as follows:
1. Is the plaintiff, Morris Fleishman, the owner and in possession of a store and lot on the north side of Hay Street, in the city of Fayetteville, adjoining the bank building and lot formerly belonging to the National Bank of Fayetteville? Answer: Yes.
2. In connection with his lot and store, did the plaintiff own and use certain rights and easements in an alleyway and stairway on a space of land located between the plaintiff's store and lot and the National Bank Building? Answer: Yes.
3. Did the National Bank of Fayetteville tear down the stairway and close the alleyway in the erection of the bank building now located on the bank lot? Answer: Yes.
4. Did the plaintiff, at the request of the former receiver of the National Bank, release and convey his rights and easements in the alleyway and stairway to the Cumberland Savings and Trust Company, with the understanding and agreement that his rights therein were to be properly adjudicated, and that any damages he may have suffered should and would be collected out of the funds then held by R. H. Dye, Charles G. Rose and R. W. Herring, trustees, so far as the funds might extend? Answer: Yes.
5. Was the fund of $2,500, with all accrued interest, placed with the trustees to protect the rights of the plaintiff in the event it was decided that he owned the easements and rights in the alleyway and stairway and had been deprived of the use of the same? Answer: Yes.
6. What damages, if any, has the plaintiff sustained by reason of the destruction of the stairway, the closing of the alleyway and the loss of his rights and easements therein? Answer: $2,500, and interest. *Page 516 
It is, thereupon, on motion of Rose Lyon, attorneys for the plaintiff, considered, ordered and adjudged that the plaintiff do have and recover of the defendant the sum of $2,500, with interest thereon from 18 January, 1928, at the rate of six per cent per annum, and that the fund in the hands of R. H. Dye, Charles G. Rose and R. W. Herring, trustees, with all accrued interest thereon, is condemned, and the said trustees are directed to apply the same to the satisfaction of this judgment as far as the same may extend, and the defendant herein is taxed with all the costs."
The following stipulation of counsel appears in the record: "It is stipulated and agreed between counsel for plaintiff and defendant that the only question to be presented to the Supreme Court is the legal effect of the deed from Fleishman and wife to Cumberland Savings and Trust Company, dated 18 January, 1929, and whether the plaintiff is estopped to claim the right to recover the fund of $2,500, held in escrow and deposited in Cumberland National Bank to the credit of R. H. Dye, Chas. G. Rose and R. W. Herring on the date of the deed. Subject to the foregoing stipulation, it is agreed that the foregoing constitutes the record and case on appeal."
The defendant made numerous exceptions and assignments of error. Defendant demurred ore tenus to the complaint and reply. Defendant moved to strike out the reply and certain paragraphs of the complaint, also to certain issues tendered by plaintiff; to the admission of certain testimony; to the refusal of the court below to nonsuit plaintiff at the close of plaintiff's evidence and at the close of all the evidence; to the charge of the court to the jury, on the third, fourth, fifth and sixth issues, and to that portion of the charge reading as follows:
"But I charge you, gentlemen, as a matter of law, that if the deed from Fleishman to the Cumberland Savings and Trust Company was executed and delivered under the agreement that $2,500 of the money was to be reserved in escrow, that then the execution of that deed does not preclude him from bringing this suit, and has nothing to do with the case whatever. Because, if the jury finds as a fact that the receiver of the old National Bank induced Mr. Fleishman and his wife to execute this deed, in order to perfect the title in their grantee, the Cumberland Savings and Trust Company, with the understanding that a part of the purchase money was to be withheld for the purpose of paying Fleishman's damages, then the receiver cannot be heard, gentlemen, to complain now that that deed has been made; because, if the jury finds it was made under these circumstances it was made for the benefit of the receiver, and he cannot now be heard to complain, because of the fact the deed was made. *Page 517 
"The fourth issue is: Did the plaintiff, at the request of the former receiver of the National Bank, release and convey his rights and easements in the alleyway and stairway to the Cumberland Savings and Trust Company, with the understanding and agreement that his rights therein were to be properly adjudicated, and that any damages he may have suffered should and would be collected out of the funds then held by R. H. Dye, Charles G. Rose and R. W. Herring, trustees, so far as the funds extend? Now, gentlemen, if you find the facts to be as testified to by all of the witnesses who have gone upon the stand, there being no evidence to the contrary, it would be your duty to answer that issue, Yes.
"The fifth issue is: Was the fund of $2,500, with all accrued interest, placed with the trustees to protect the rights of the plaintiff in the event it was decided that he owned the easements and rights in the alleyway and stairway and had been deprived of the use of the same?
"If you find the facts to be as testified to by all the witnesses, there being no evidence to the contrary, it is your duty, gentlemen, to answer that issue, Yes."
The court below overruled all the defendant's exceptions. Defendant assigned errors and appealed to the Supreme Court.
Under the stipulation of counsel appearing in the record, we find the only question presented to us for our determination: "Is the legal effect of the deed from Fleishman and wife to Cumberland Savings and Trust Company, dated 18 January, 1928, and whether the plaintiff is estopped to claim the right to recover the fund of $2,500, held in escrow and deposited in Cumberland National Bank to the credit of R. H. Dye, Chas. G. Rose and R. W. Herring, on the date of the deed?"
We do not think that plaintiff is estopped to maintain this action. It will be noted that the question asked Fleishman: "What was your understanding about the $2,500 put up? What was the agreement? Answer: Why, he offered to put up $2,500, and we will have a settlement as soon as we get this building straightened out; we would get our people together, our lawyers, and settle this matter up with me, to my satisfaction."
If the question was confined to understanding, the assignment of error by defendant would prevail, but the question was more than understanding — what was the agreement? Overall Co. v. Holmes, 186 N.C. at pp. 431-32; 22 C. J., Evidence, at pp. 515, 516. Under our liberal practice and procedure, we do not think that plaintiff can be *Page 518 
held down to the technical position of defendant as to the allegations in the complaint of plaintiff, the reply sets out the agreement of the parties fully, and the court below had the discretion to permit plaintiff to file the reply. Sams v. Cochran, 188 N.C. at p. 733. From the view we take of this action, we see no new or novel proposition of law presented by the appeal. In the judgment of the court below we find
No error.