CHARLES H. LIPE v. CITIZENS BANK AND TRUST COMPANY AND SAM SUBER, EXECUTORS OF THE WILL OF ALICE J. BOST, DECEASED.

(Filed 28 February, 1934.)

1. **Wills F d—Under facts of this case legatee was not put to his election between legacy and claim for services rendered testatrix.**

   Plaintiff claimed an unliquidated amount for services rendered testatrix, and in her will testatrix bequeathed plaintiff a certain sum. The will directed the executor to pay all testatrix's just debts. *Held,* under the facts of this case plaintiff was not required to elect between the legacy and his claim for services rendered.

2. **Wills B b—Instruction in this case on issue of express contract to devise held prejudicial.**

   In this action to recover for services rendered testatrix issues were submitted both as to an express contract to devise and an implied contract for *quantum meruit.* The testatrix bequeathed a certain sum to

plaintiff, and on the issue of an express contract the court charged the jury that if plaintiff should be allowed a recovery by the jury the court would subtract such recovery from the specific bequest to plaintiff. *Held,* the charge was prejudicial to plaintiff and a new trial is awarded on appeal.

3. **Same: Pleadings A f—Plaintiff's prayer for relief does not determine his right to relief.**

The prayer for relief does not determine the scope of plaintiff's right to relief, and where the plaintiff prays for recovery only on the alleged contract to devise, and the allegations and evidence are sufficient to warrant a recovery on *quantum meruit* for services rendered testatrix, it is not error for the court to submit issues as to both the alleged express contract and the implied contract to pay for the services.

4. **Trial G b — Defendant held entitled to new trial for inconsistent answers to issues submitted.**

In this action to recover for services rendered testatrix issues were submitted to the jury as to both an alleged contract to devise and plaintiff's right to recover upon *quantum meruit,* the jury found that there was an express contract to devise in .consideration of personal services to be rendered and that plaintiff breached the contract. *Held,* the jury's finding on a subsequent issue that plaintiff rendered personal services upon an implied agreement to pay for same is rendered inoperative, and on appeal from judgment thereon defendant is held entitled to a new trial.

APPEAL by plaintiff and defendants from *Hill, Special Judge,* at June Term, 1933, of CABARRUS. On both appeals, new trial.

The complaint of the plaintiff against defendants is as follows: "That Alice J. Bost, late of Concord, said county and State, died in Concord, N. C., on 6 August, 1929, leaving a last will and testament in which the defendants are named as executors. That said will was admitted to probate, on application of the defendants, in the county of Cabarrus, and the said defendants qualified and are now acting in the capacity of executors of said will. That said Alice J. Bost never had any child or children, and at the time of her death she had no living brother or sister. That the plaintiff is a farmer, and at the time hereinafter mentioned, he resided on his farm in No. 11 Township, about three miles from Concord. The said Alice J. Bost then lived in her new home on South Union Street, Concord, N. C. That during the month of August, 1910, the said Alice J. Bost, then living alone in her home in Concord, N. C., and then advanced in years and frail in body, and physically unable to get around and look after her affairs, she asked the plaintiff to look after and manage her affairs in general and render such other service and to do other work for her as she, from time to time, might request, and told him if he would do so, that she would make her will leaving all her property to him, the said Chas. H. Lipe. That plaintiff, believing in her sincerity and relying on her promise, accepted her offer,

and in good faith from that date until her death, covering a period of about twenty years, did look after and attend to her and manage her affairs in general, and complied with his part of said agreement at a great sacrifice and neglect of his own outside other interests, fully expecting her to comply with her part of the agreement made with him, that she would leave all her estate to him in her will at her death. That said Alice J. Bost did not comply with her agreement with the plaintiff in that she did not leave a will giving the plaintiff all her estate as she had agreed and contracted with the plaintiff she would do, but did leave a will in which the defendants are named executors, providing among other things that there be spent on her burial $4,500, at least, together with the payment of her funeral expenses and the payment of her just debts. That the services rendered by the plaintiff to and for said Alice J. Bost, under said agreement and which services she accepted, and had the benefit of, for said period of about 20 years, and the value of her estate at the time of her death was $10,000, and are reasonably worth the sum of $10,000, no part of which has been paid.

Wherefore the plaintiff demands judgment in his favor and against said estate for the breach of said contract, in the sum of ten thousand dollars ($10,000), and his costs of action, and for such other and further relief as he may be entitled in law or equity."

The defendants denied the material allegations of the complaint. The issues submitted to the jury and their answers thereto were as follows: "(1) Did the testatrix, Alice Bost, deceased, contract and agree with the plaintiff that she would devise and bequeath to him all of her property in consideration of services to be rendered, as alleged in the complaint? Answer: Yes. (2) If so, did the plaintiff perform his part of said agreement? Answer: No. (3) What sum, if any, is the plaintiff entitled to recover of the defendants? Answer: ............... (4) Is the plaintiff's cause of action barred by the three years statute of limitations, as alleged in the answer? Answer: ............. (5) If there was no express contract or agreement as alleged, did the plaintiff render to said Alice Bost, deceased, services upon an implied agreement that she would pay therefor their reasonable worth? Answer: Yes. (6) What sum, if any, is the plaintiff entitled to recover of the defendants for services rendered under said implied agreement? Answer: $3,000. (7) What sum, if any, is the plaintiff indebted to the defendants by reason of the note set up in the counterclaim? Answer: $250.00 and interest from 26 March, 1928."

The judgment of the court below was as follows: "At a Superior Court, held at the courthouse in Concord, N. C., on 12 June, 1933, present his Honor, Frank S. Hill, judge presiding and holding said court by and under a commission from the Governor of the State of North Carolina. This action having been calendared, called and tried before his Honor

and a jury upon the following issues, to wit: (the issues are referred to as above set forth). It is now on motion adjudged that the plaintiff recover of the defendants the sum of $3,000; which said amount, however, when and if paid by defendants, to the plaintiff, Charles H. Lipe, shall be a credit upon and deducted from the amount that said Charles H. Lipe is entitled to receive under and by virtue of the will of the said Alice Bost, deceased.

It is further adjudged that the defendants recover of the plaintiff the sum of $250.00 and interest on said amount from 26 March, 1928, on and by reason of their counterclaim. And that the defendants be taxed with the costs of this action."

The plaintiff and defendants made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*Hartsell & Hartsell, J. Lee Crowell and J. Lee Crowell, Jr., for plaintiff.*

*Z. A. Morris, Jr., and H. S. Williams for defendants.*

CLARKSON, J. *Plaintiff's appeal.* This kind of action has been recently discussed by this Court in *Hager v. Whitener,* 204 N. C., 747, and *Grantham v. Grantham,* 205 N. C., 363. It is unnecessary to repeat, but refer to those cases. On the question of damage in the *Hager case* following *Redmon v. Roberts,* 198 N. C., 161, we affirmed the charge of the learned judge who tried the case below that "the measure of damages for the breach of contract to devise is the value of the property agreed to be devised." It is said in the *Grantham case, supra,* it is evidence on the question, which is technically and strictly speaking, and said to be the better rule. The Grantham action was one for specific performance. One of the questions as set forth by plaintiff on this appeal is as follows: "Is a pecuniary legacy to a creditor who has an unliquidated account for services rendered to testatrix, a payment of the creditor's debt, undetermined in amount, when the testatrix directs in her will the sale of all her property and out of the proceeds directs: (1) The payment of funeral expenses. (2) The payment of all her just debts, out of the first moneys coming into the hands of her executors; and, (3) Gives pecuniary legacies to several persons, aggregating about $12,000, in which is included a legacy of $3,000 to such creditor, her nephew, the plaintiff in this case?"

We think the question must be answered in the negative under the facts and circumstances of this case. The principle of law is thus stated in Pomeroy's Equity Jurisprudence, 4th ed., sec. 527, and part of sec. 528, pp. 998, 999 and 1000: "The general rule as stated by *Sir J.*

*Trevor, M. R.,* in the leading case of *Talbot v. Duke of Shrewsbury,* is as follows: 'If one, being indebted to another in a sum of money, does by his will give him a sum of money as great as or greater than the debt, without taking any notice at all of the debt, so that he shall not have both the debt and the legacy.' Wherever this rule operates, and the presumption of satisfaction arises, the creditor-legatee is of course put to his election: if he claims the legacy, he cannot enforce the debt; if he enforces the debt, he cannot obtain the legacy. It is also proper to remark that a debtor-testator can always thus put his creditor to an election, by accompanying his testamentary gift, whatever be its nature or amount, with words sufficiently indicating his intention that it is made and must be received in lieu and satisfaction of the debt. This general rule, being based upon artificial reasoning, has been distinctly condemned by able judges. It is not favored by courts of equity; on the contrary, they lean strongly against the presumption, will apply it only in cases which fall exactly within the rule, and will never enlarge its operation."

Bispham's Principles of Equity, 10th ed., pp. 822 and 823: "*Chancey's case* and *Strong v. Williams* may be cited as authorities in which the general doctrine is admitted, and at the same time several of its qualifications illustrated. In the former case a person indebted to his servant for wages, in the sum of £100, gave her a bond for that sum, and afterwards by will gave her £500 for her long and faithful services, and directed that all his debts and legacies should be paid; in the latter, the testator gave a bond to his housekeeper conditioned for the payment of $333.00 within six months after his decease, and also written promise to pay her $20.00 annually; and he afterwards in his will bequeathed her a pecuniary legacy of $300.00, together with furniture and other chattels valued at $745.00; and he devised the residue of his estate subject to the payment of debts and legacies. In both of these cases the general doctrine of satisfaction was recognized; but in both its application was refused; in *Chancey's case,* because the intention to satisfy the debt by the legacy was supposed to be rebutted by the express direction that debts and legacies should be paid; and in *Strong v. Williams,* not only for the reason in *Chancey's case,* but also because the pecuniary legacy was less than the amount of the debt, and the specific legacy was of a different nature."

*Perry v. Maxwell,* 17 N. C., 488, *Baptist Female University v. Borden,* 132 N. C., 476. In the will in controversy, the testatrix says: "Said executors are to pay all my said funeral expenses, together with all my just debts, out of the first moneys which may come into their hands out of and belonging to my estate."

The court below charged the jury as follows: "Now the defendants' counsel are correct in that the law would not permit the plaintiff to

recover damages upon an alleged breach of an express contract to devise and bequeath to him certain property, to recover the full value of that property and at the same time also recover or take under the will whatever the testatrix gave to him in consideration of services rendered; but you are not to be concerned with that question, gentlemen, because it appears that the plaintiff has never received anything under the will, and if he recovers anything under this contract and its alleged breach, then in the judgment the court will. provide that whatever amount he takes under this action is to be deducted from any amount that he might be entitled to under the will of the testatrix, Alice J. Bost, deceased. In that way he would not be permitted to collect twice—once under an alleged express contract and the other for services under the will of the testatrix."

The plaintiff's exception and assignment of error to the above charge for the reasons given, must be 'sustained. It will be noted that this charge was confined to the "alleged express contract," which was found by the jury for plaintiff and on the 2nd issue it was breached by plaintiff. We think the charge prejudicial.

*Defendants' Appeal.* At the close of plaintiff's evidence and at the close of all the evidence, defendants made motions for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions and in this we can see no error. We think the evidence was sufficient to be submitted to the jury. *Hager v. Whitener,* 204 N. C., 747. We do not think it necessary to consider the controversy over the first and second issues as the case goes back for a new trial. The question involved on this appeal: "Whether or not the plaintiff sufficiently states and alleges a cause of action on an implied contract to pay for services alleged to have been rendered by plaintiff to the deceased, or an action on a *quantum meruit,* and or to raise issues based thereon." We think so. The prayer for relief does not determine the scope of the plaintiff's right to relief. *Dunn v. Moore,* 38 N. C., 364; *Capps v. Holt,* 58 N. C., 153; *Pitt v. Moore,* 99 N. C., 85; *Kelly v. Johnson,* 135 N. C., 647; *Deal v. Wilson,* 178 N. C., 600; *Scott v. Ins. Co.,* 205 N. C., 38 (40).

In *Sams v. Cochran,* 188 N. C., 731 (733) : "Under our liberal practice, the court below, in its sound discretion, in' furtherance of justice, can amend the pleading, before and after judgment, to conform to the facts proved, keeping in mind always that an amendment cannot change substantially the nature of the action or defense, without consent. Our system is broadening and expanding more and more, with the view at all times that a trial should be had on the merits and to prevent injustice." C. S., 535, 545, 547, 548, 549.

The amendment can be made in the Supreme Court "in form or substance for the purpose of furthering justice," C. S., 1414. On the facts

in the present controversy there was sufficient evidence to be submitted to the jury on the 5th issue, as to *quantum meruit. Brown v. Williams,* 196 N. C., 247. In *Dorsey v. Corbett,* 190 N. C., 783, speaking to the subject, at page 788: "Mordecai's Law Lectures, Vol. 1 (2d ed.), page 127, says: 'Under the old practice the plaintiff generally declared upon the special contract and added also what were called the common counts, so that if he failed on the special contract he could have relief in assumpsit; and now under The Code a party may recover on a *quantum meruit,* although the complaint is on the special contract; or the plaintiff may so frame his complaint as to declare both on the special contract and in *quantum meruit;* or the complaint may state the cause of action so broadly as to authorize a recovery of either on a *quantum meruit* or on the special contract. This, however, is a slovenly mode of pleading, tolerated, but not approved, as the cases cited will show.' There are cases where this principle would not apply. When the recovery is restricted by the special contract, and the price agreed upon in the special contract is the standard, the special contract 'must of necessity guide the jury.' Mordecai's Law Lectures, *supra,* page 128; *Markham v. Markham,* 110 N. C., page 362; *Reams v. Wilson,* 147 N. C., 304." *Stokes v. Taylor,* 104 N. C., 394 (397).

In the present case the jury found on the first issue that there was a "special contract," and on the 2nd issue it was "breached." The finding on these two issues, the 5th issue *quantum meruit,* became inoperative. On defendants' appeal, there must be a new trial.

There was error both in plaintiff's and defendants' appeal. On the whole record there must be a new trial. There are many exceptions and assignments of error on both appeals that we do not think it now necessary to consider. For the reason given, there must be a

New trial.