D. W. WINSTEAD v. ACME MANUFACTURING COMPANY.

(Filed 10 October, 1934.)

1. **Evidence J a—Parol evidence in contradiction of stipulation of written order signed by plaintiff held inadmissible.**

   An order for fertilizer for cotton and corn was signed by the purchaser. Thereafter the fertilizer was shipped, and most of it used before the purchaser signed notes for the purchase price. The purchaser brought suit to cancel the notes given for the purchase price on the ground that he ordered fertilizer for tobacco, that the seller knew the facts, and that the fertilizer was worthless for the only purpose for which the purchaser could and did use it, and that there was a total failure of consideration: *Held,* in the absence of allegations of fraud, mistake, or mistake of one party induced by the fraud of the other, parol evidence in contradiction of the stipulation in the order that the fertilizer was for cotton and corn is not admissible, and such evidence was properly excluded by the lower court.

2. **Pleadings E a—**

   The trial court has the discretionary power to refuse to allow a motion by a party litigant upon the trial to amend his pleadings.

APPEAL by plaintiff from *Barnhill, J.,* and a jury, at January-February Term, 1934, of LEE. No error.

This is an action brought by plaintiff against the defendant to cancel certain notes for failure of consideration. The plaintiff in the complaint alleges, in part: "That on or about 8 May, 1931, plaintiff executed and delivered to defendant two promissory notes, aggregating the

sum of $514.10, bearing interest on said sum from 8 May, 1931, which defendant had in its possession at the time this action was brought.

"Theretofore and on or about 11 April, 1931, the defendant had offered and agreed to sell to plaintiff a quantity of commercial fertilizers, which defendant represented to be and warranted to be first-class tobacco fertilizers, the equal of any other fertilizer of its purported character and analysis for the purpose of raising and growing tobacco; the defendant, knowing it was then being purchased for the said purpose of growing tobacco, defendant sold the same to plaintiff for the said purpose of being used to grow tobacco; and plaintiff had no other use therefor except for said purpose, and except therefor was useless and of no value to the plaintiff, and said note hereinbefore referred to was given to close said account for said fertilizers and said grade and description so offered and agreed to be sold to plaintiff by defendant," etc.

The prayer is as follows: "Wherefore, plaintiff prays judgment against defendant that: (1) Defendant deliver up for cancellation the note hereinbefore referred to; that there has been a total failure of consideration for said note, and that the same be canceled, and that plaintiff is due and owes the defendant nothing by reason thereof.

"(2) Defendant pay the costs, and plaintiff receive such other and further relief as plaintiff may be entitled."

The defendant denied the material allegations of the complaint and for a further defense alleges, in part: "That on 8 May, 1931, the plaintiff D. W. Winstead executed his two certain promissory notes, each in the sum of $257.05 ($514.10), copy of which notes are attached hereto and by reference incorporated in this paragraph of the further defense and marked Exhibits A and B. That the said notes were executed as evidence of indebtedness for certain fertilizer delivered to the said D. W. Winstead, pursuant to certain written orders, copies of which are attached to this answer and made a part of this paragraph of the further defense and marked Exhibits C and D. That of the fertilizer consigned to Elva Bryan under Exhibit D, the said plaintiff, who has at all times acted as the agent of the said Elva Bryan, received for his own use two and nine-tenths (2.9) tons. That no part of said notes have been paid, although frequent demand for the payment of same has been made and the whole amount is now due and owing.

"That the plaintiff received the goods ordered by him and is liable to the defendant for the said goods in the sum of $514.10, with interest on said principal sum from 1 May, 1931, until paid.

"That there was no warranty, express or implied, on the part of the defendant as to the quality of the goods shipped except such as is contained in the notes signed by the plaintiff and made a part hereof. . . . That the fertilizer purchased was for corn and cotton, as shown

on the orders, copies of which are hereto attached and made a part of this further defense, and were not for tobacco, as alleged by the plaintiff.

"That the goods delivered by the defendant to the plaintiff have been retained and used by the plaintiff in the cultivation of his crop, and that the reasonable market value of the said fertilizers at the time and place when and where delivered to the plaintiff was the sum represented by the notes hereinabove set out, copies of which have been attached to this answer."

The issues submitted to the jury and their answers thereto were as follows: "(1) Was there a failure of consideration, in whole or in part, for the execution of the two notes signed by D. W. Winstead payable to Acme Manufacturing Company, dated 8 May, 1931, in the sum of $257.05 each, as alleged?    A. 'No.'    (2) If not, in what amount, if any, is the plaintiff indebted to the defendant thereon?    A. '$514.10, with interest from 1 May, 1931.' "

The other indebtedness due by plaintiff to defendant we do not set forth, as we think it immaterial, as the controversy was only over the two notes aggregating $514.10.    Judgment was rendered on the verdict. The plaintiff made numerous exceptions and assignments of error, and appealed to the Supreme Court.    The material ones and necessary facts will be considered in the opinion.

*K. R. Hoyle for plaintiff.*
*Williams & Williams and C. D. Hogue for defendant.*

CLARKSON, J.    The order was dated 11 April, 1931, and called for 200 sacks brand Acme Wizard Fertilizer, c. (cotton) and c. (corn) 8-3-3.    Can this order be contradicted in the absence of fraud or mutual mistake, or mistake of one party induced by false representations of the other?    We think not.

Defendant contended that the goods were not ordered for tobacco and were not shipped for that purpose.    That if the fertilizer was used for tobacco that it was plaintiff's responsibility, as the signed order was for cotton and corn goods, and that the fertilizer was shipped on 15 April, 1931—after the order was signed.    The plaintiff testified: "That is my signature on the paper-writing, dated 11 April, 1931.    When I last saw it, there was nothing on it but my name."

The plaintiff was then asked the question: "Was there any C (cotton) and C (corn) on this paper?    A. 'No, sir.' "    Objection by defendant; objection sustained; motion to strike by defendant; motion allowed; the plaintiff excepts.    "Q. Did you order from the Acme Fertilizer Company, during the year 1931, any corn or cotton fertilizer?"    Objection by defendant; objection sustained; plaintiff excepts.    Plaintiff

moves to amend his complaint to allege that the contract of 11 April was fraudulently filled in. The court in its discretion overrules the motion. Plaintiff excepts.

In *Carlton v. Oil Co.,* 206 N. C., 117 (117-118), it is said: "The general rule undoubtedly is, that no verbal agreement between the parties to a written contract, made before or at the time of the execution of such contract, is admissible to vary its terms or to contradict its provisions. All such agreements are considered as varied by and merged in the written contract. 'It is a rule too firmly established in the law of evidence to need a reference to authority in its support, that parol evidence will not be heard to contradict, add to, take from, or in any way vary the terms of a contract put in writing, and all contemporary declarations and understandings are incompetent for such purpose, for the reason that the parties, when they reduce their contract to writing, are presumed to have inserted in it all the provisions by which they intend to be bound.' *Smith, C. J.,* in *Ray v. Blackwell,* 94 N. C., 10; *Overall Co. v. Hollister Co.,* 186 N. C., 208, 119 S. E., 1; *Exum v. Lynch,* 188 N. C., 392, 125 S. E., 15."

The learned and able attorney representing plaintiff did not reply to defendant's further defense, and set up fraud, mutual mistake, or mistake of one party induced by false representations of the other in signing the paper-writing of 11 April, 1931, although the pleading by defendant had been filed for over two years before the case came for trial. To do this on the trial, the court below, in its discretion, refused plaintiff's request. The court had this discretion. *Sams v. Cochran,* 188 N. C., 731 (733); *Lee v. Martin,* 191 N. C., 401; *Fleishman v. Burrowes,* 198 N. C., 514; *Lipe v. Trust Co.,* 206 N. C., 24 (29). The notes in controversy were given on 8 May, 1931, to cover the order of 11 April, 1931, after seventy-five per cent of the fertilizer had been used. The fertilizer was shipped after the order was made. In excluding plaintiff's evidence on the present record we see no error, or in the charge of the court below.

We do not think it necessary to discuss the case of *Swift & Co. v. Aydlett,* 192 N. C., 330, the principle in that case we adhere to, but is not applicable to this record. If defendant attempted to perpetrate a fraud on the plaintiff, he should have made a reply to defendant's pleading and set it up, and then he would have been heard.

In the present action the lack of consideration is bottomed on the allegation that plaintiff had purchased tobacco fertilizer and was sent cotton and corn fertilizer. This was the theory the case was tried on. There is no contention that the fertilizer was worthless so far as the purposes set forth in the order was concerned. The truth or falsity of the order of 11 April, 1931, was the bone of contention. The fertilizer was shipped under this order and the two notes of 8 May, 1931, were

thereafter given in conformity with the order. This order was valid unless set aside by fraud or mutual mistake, or mistake of one party induced by false representation of the other. This action is distinguishable from the opinion in *Galloway v. Thrash, post,* 165.

For the reasons given, in the judgment of the court below in law we find

No error.