MISS ELVA BRYAN v. ACME MANUFACTURING COMPANY.

(Filed 18 March, 1936.)

**Pleadings C b—Matter alleged in reply held within limitations upon scope of reply imposed by statute.**

> Plaintiff brought action to cancel certain notes for failure of consideration, alleging that the notes were executed for tobacco fertilizer and that defendant furnished corn or cotton fertilizer, which was worthless to plaintiff, and that plaintiff did not discover that cotton fertilizer had been furnished until after she had attempted to use it. Defendant alleged in its answer that plaintiff had ordered through her agent cotton fertilizer as furnished, and offered in evidence the purported order signed by plaintiff's agent. Plaintiff filed a reply, as permitted by the court under a general order, in which she alleged that the signature of her agent to the order was procured by fraud, and that if the fertilizer furnished was cotton fertilizer, as alleged in defendant's answer, the fertilizer was tagged tobacco fertilizer, and was thus misbranded in contemplation of law. *Held:* The attack of the contract set up in the answer as a defense, on the ground of fraud, and the allegations that the fertilizer was misbranded contrary to law are not inconsistent with the complaint, but tend to constitute a defense to the new matter alleged in the answer and to amplify the original theory of the complaint that cotton fertilizer was furnished when plaintiff had ordered tobacco fertilizer, and the allegations of the reply were erroneously stricken out on defendant's motion, the allegations being within the limitations upon the scope of a reply imposed by statute, C. S., 525.

APPEAL by plaintiff from judgment sustaining a demurrer to certain allegations in plaintiff's reply entered by *Sinclair, J.*, at October Term, 1935, of LEE. Reversed.

This was a civil action, brought to cancel two notes aggregating $832.90, given by the plaintiff to the defendant, upon the ground that said notes were void for lack of consideration. It is alleged in the complaint that the notes were given for tobacco fertilizer, and that when the fertilizer furnished the plaintiff by the defendant was attempted to be used on a tobacco crop the discovery was made that it was corn and cotton fertilizer and unfit for use in growing tobacco, and was of no use and of no value to the plaintiff; and that the defendant well knew when the fertilizer was shipped that it was ordered for the purpose of being used on a tobacco crop, and that tobacco fertilizer and no other was ordered; and further, that it was not discovered by the plaintiff that she had been furnished by the defendant corn and cotton fertilizer instead of tobacco fertilizer until after the notes had been given and the attempt to use the fertilizer as aforesaid had been made.

Defendant filed answer and denied the lack of consideration for the aforesaid notes, and denied that plaintiff had ordered tobacco fertilizer at all, and alleged that a cotton fertilizer had been ordered by plaintiff

and was the subject of the sale. The defendant further filed a counterclaim for the amount of the notes mentioned in the complaint, and to rebut the allegation of lack of consideration therefor and to establish that a cotton fertilizer had actually been ordered, pleaded and set out what purported to be a copy of the written order and sales contract entered into between it and plaintiff's agent for the identical cotton fertilizer furnished, and of the kind and quality actually furnished.

The plaintiff, by leave of court, filed a reply wherein she denied that she or her agent had ever executed, or that her agent was ever authorized to execute, any order or contract for cotton fertilizer, or for the fertilizer actually furnished, and alleged that if the defendant held such an order or contract as it alleged, the same had been procured by fraudulently filling out as an order or contract for cotton fertilizer a form signed by her agent to be used for ordering tobacco fertilizer; and the plaintiff further alleged in her reply that the fertilizer which the defendant delivered to her was actually tagged as tobacco fertilizer and not as cotton fertilizer at all, and that the same was thereby misbranded in contemplation of law if it was cotton fertilizer as alleged in the answer.

Defendant filed demurrer to that portion of the reply alleging fraud in the procurement of the written order or contract for cotton fertilizer, and to that portion thereof alleging that the fertilizer furnished was tagged as tobacco fertilizer, and misbranded if the same was cotton fertilizer as alleged in the answer.

His Honor entered judgment sustaining the demurrer, and the plaintiff excepted and appealed, assigning as error the signing of this judgment.

*K. R. Hoyle for plaintiff, appellant.*
*C. D. Hogue for defendant, appellee.*

SCHENCK, J. The allegation in the reply that the purported order or contract for cotton fertilizer was procured by fraud was not demurrable upon the ground that it was inconsistent with the complaint or a departure from the original cause of action alleged. In *Houser v. Bonsal,* 149 N. C., 51, wherein the defense was set up that a judgment had been entered and paid and the reply of the plaintiff assailed the procurement of the judgment and the settlement thereof upon the ground of fraud, *Hoke, J.,* at page 57, says: ". . . Under our present system, where courts are empowered to administer full relief in one and the same action, when all the parties to be affected by the decree are before the court, and a judgment is set up in bar and directly assailed in the proceeding for fraud, this is a direct and proper proceeding to determine its validity." If a judgment set up in an answer as a defense may be

assailed for fraud when all the parties affected thereby are before the court, by the same token, an order or contract so set up, when all the parties thereto are in court, may be so assailed.

The allegation in the reply that the fertilizer furnished the plaintiff by the defendant was tagged tobacco fertilizer, when it was in truth cotton fertilizer, is "not inconsistent with the complaint," and tends to constitute "a defense to the new matter in the answer," and amplifies the original theory of the complaint, namely, that cotton fertilizer, a commodity valueless to the plaintiff, was furnished when tobacco fertilizer was ordered, and known by the defendant to have been ordered. McIntosh's N. C. Prac. and Proc., par. 479, pp. 510-11.

*Winstead v. Acme Manufacturing Co.,* 207 N. C., 110, is differentiated from the instant case in that in the former case the court in its discretion denied the motion of the plaintiff to amend his complaint so as to allege that the order or contract was fraudulently filled in, whereas in the latter case the plaintiff filed a reply in which such fraud is definitely alleged as "a defense to the new matter in the answer." The order permitting its filing was general and placed no limitations upon the scope of the reply except those imposed by the statute, C. S., 525, and the reply is within the provisions of the statute.

The judgment sustaining the demurrer is

Reversed.