R. A. LINDSEY ET AL. v. W. L. SPEIGHT ET AL.

(Filed 20 September, 1944.)

**1. Contracts § 21: Trial § 38—**

In an action to recover on a special contract and also upon a *quantum meruit*, it is permissible under our practice to allow plaintiff to abandon his special contract, and to recover on *quantum meruit* for the reasonable value of his services.

**2. Brokers and Factors § 12—**

With the allegations of special contract aside, the rule is that, where a broker is "the procuring cause of the sale," he is entitled to recover the reasonable value of his services.

**3. Same—**

A broker is not entitled to recover in *assumpsit* simply because of effort expended. His effort must have resulted in a sale, or in the procurement of a purchaser, ready, willing and able to buy on the terms authorized.

**4. Same—**

In an action by plaintiff for the reasonable value of his services in securing a purchaser for the property of defendant, who had listed such property with the plaintiff for sale, where there is evidence that plaintiff was the procuring cause of the sale, a motion for judgment of nonsuit was properly overruled.

**5. Trial § 22a—**

On motion to nonsuit, the plaintiff is entitled to every fact and inference of fact pertaining to the issue involved, which may be reasonably deduced from the evidence.

**6. Same—**

Defendant's evidence is not available to him, on motion to nonsuit, except to explain or make clear that which has been offered by plaintiff.

APPEAL by defendants from *Thompson, J.,* at April Term, 1944, of EDGECOMBE.

Civil action by broker to recover commission for procuring purchaser of land to whom conveyance was afterwards made.

Plaintiff declares on special contract, 5% of purchase price, and *quantum meruit.* Sale of the land is admitted, but defendants deny liability for commission, claiming a direct sale to the purchaser.

From verdict and judgment for plaintiff, the defendants appeal, assigning errors.

*George M. Fountain for plaintiff, appellee.*
*H. H. Phillips for defendants, appellants.*

STACY, C. J.   After abandoning his allegations of special contract, the plaintiff recovered in the court below on *quantum meruit* or for the reasonable value of his services.   This is permissible under our practice.   *Lipe v. Trust Co.,* 206 N. C., 24, 173 S. E., 316; *Hayman v. Davis,* 182 N. C., 563, 109 S. E., 554; *Bryan v. Cowles,* 152 N. C., 767, 68 S. E., 205; *Reams v. Wilson,* 147 N. C., 304, 60 S. E., 1124.   In *Grantham v. Grantham,* 205 N. C., 363, 171 S. E., 331, the plaintiff declared on a special contract, void under the statute of frauds, and was allowed to recover in *assumpsit* on *quantum meruit.*   The procedure also finds support in what was said in *Lipe v. Trust Co.,* 207 N. C., 794, 178 S. E., 665.

For about three years, the defendant, W. L. Speight, had been trying to sell his wife's farm in Edgecombe County.   He spoke to C. J. Weeks about it on several occasions.   Weeks offered him $13,500 for the farm, which he refused.   On 18 October, 1943, Speight listed the property with the brokerage firm of R. A. Lindsey & Company for sale at $15,000. Lindsey approached Weeks about a sale, and Weeks said he would give $100 an acre for 135 acres.   This was the same offer which he had previously made to Speight and which Speight had rejected.   Lindsey communicated Weeks' offer to Speight and recommended its acceptance. Speight did not commit himself at the time.   On a second occasion Weeks told Lindsey he would pay $13,500 for the farm, if it had a tobacco allotment of 7½ acres, and would keep his offer good if the allotment were increased to 10 acres.   This was communicated to Speight, who said he thought he could get the allotment increased.   The next thing Lindsey knew of the matter Speight had sold to Weeks for $13,500.

The defendants concede, in their brief, that Lindsey's testimony, standing alone, may be sufficient to justify the jury in finding "Lindsey was the procuring cause of the sale," but it is earnestly contended the showing made by plaintiff, taken in connection with the defendants' evidence, is insufficient to support a recovery.   Both Speight and Weeks testified that Lindsey had nothing to do with the sale; that it was a direct purchase by Weeks from the defendants.   *Realty Co. v. Giles,* 217 N. C., 796, 9 S. E. (2d), 370, and cases there cited.   On cross-examination, however, Weeks stated: "The only offer I made to him (Speight) was during the last of October or the first of November, 1943."   This was after the property had been placed in the hands of the plaintiff for sale.   Thus, in defendant's own evidence there appears some equivocation.   Moreover, the defendant's evidence is not available to him on motion to nonsuit, except "to explain or make clear that which has been offered by the plaintiff."   *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598; *Gregory v. Ins. Co.,* 223 N. C., 124, 25 S. E. (2d), 398.

With the allegations of special contract aside, the rule seems to be that where a broker is "the procuring cause of a sale," he is entitled to recover the reasonable value of his services. *House v. Abell,* 182 N. C., 619, 109 S. E., 877; *Trust Co. v. Goode,* 164 N. C., 19, 80 S. E., 62. Here the issue was one of fact for the jury. 8 Am. Jur., 1088. The case as made readily survives the demurrer. On motion to nonsuit, the plaintiff is entitled to the benefit of every fact and inference of fact pertaining to the issues involved, which may reasonably be deduced from the evidence. *Plumidies v. Smith,* 222 N. C., 326, 22 S. E. (2d), 713.

True it is, a broker is not entitled to recover in *assumpsit* simply because of effort expended. *Trust Co. v. Adams,* 145 N. C., 161, 58 S. E., 1008. Such effort on his part must have resulted in a sale, or in the procurement of a purchaser, ready, able and willing to buy on the terms authorized. *Olive v. Kearsley,* 183 N. C., 195, 111 S. E., 171; *Crowell v. Parker,* 171 N. C., 392, 88 S. E., 497; *Abbott v. Hunt,* 129 N. C., 403, 40 S. E., 119. In the instant case, there is evidence to permit the inference that plaintiff was the procuring cause of the sale. This defeats the motion for judgment of nonsuit.

The remaining exceptions are without substantial merit. They are not sustained. The verdict and judgment will be upheld.

No error.